## STARRY v. KORAB, GARNISHEE.

1. **Garnishment**: ESTOPPEL OF GARNISHEE: FACTS NOT AMOUNTING TO. Where the garnishee, before the execution was issued on which he was garnished, stated to the execution plaintiff that he was indebted to the execution defendant, and that he would withhold payment until he could be served with notice of garnishment, thereby inducing plaintiff to sue out an execution and to have a notice of garnishment served, *held* that the garnishee was not thereby estopped from denying that he was indebted to the execution defendant *at the time he was garnished.* His failure to withhold payment, being, at most, a failure to perform an executory contract, was no ground for an estoppel, and recovery for such breach, if it were possible, could not be had by proceedings in garnishment.

*Appeal from Cedar Rapids Superior Court.*

MONDAY, DECEMBER 8.

THIS is an appeal from an order in a garnishment proceeding discharging the garnishee. Plaintiff obtained judgment against one Joseph Lustick, on which execution issued, and appellee was garnished as a supposed debtor of the defendant in execution. At the proper time he appeared, and answered that he was not indebted to said Lustick in any sum, and that he did not have any property in his possession belonging to him. Plaintiff filed a pleading controverting this answer, in which it is alleged that, in a conversation had between plaintiff and garnishee before the execution was issued, garnishee stated that he was indebted to Lustick in a certain sum, and that he would not pay the same to Lustick until plaintiff had an opportunity to procure the issuance of an execution on said judgment, and serve notice of garnishment on him thereunder; and that, relying on this representation, and believing it to be true, plaintiff, at great expense and trouble to himself, procured said execution to issue, and caused the garnishee to be served with notice of garnishment thereunder; and that the garnishee is now estopped by his representation and conduct

from denying that he was indebted to Lustick at the time he was served with the notice. The garnishee demurred to this pleading, on the ground that it did not show that he was in fact indebted to Lustick when the notice of garnishment was served, and that the facts averred in the pleading did not create an estoppel. The demurrer was sustained, and, plaint-. iff declining to plead further, judgment was entered discharging the garnishee. Plaintiff appeals.

*Blake & Hormel*, for appellant.

*Bowman & Swisher*, for appellee.

REED, J.—The purpose of the pleader was undoubtedly to set up in the pleading controverting the answer of the garnishee what is denominated an equitable estoppel. The effect of such estoppel is to preclude the party from asserting a strict legal right, on the ground that his assertion of such right, under the circumstances of the case, would be against equity and good conscience. The pleading assumes that at the time the notice of garnishment was served on the garnishee he was not in fact indebted to Lustick, and that on strict legal grounds he was entitled to be discharged. But the claim is that, having induced plaintiff, by the representation that he *was* indebted to Lustick, to institute the garnishment proceeding and incur the expense and trouble incident thereto, it would be manifestly unjust and inequitable in him to assert his exemption from liability thereon. And the question presented by the record is whether, under the facts stated in the pleading, the garnishee is estopped to deny that he is indebted to Lustick.

It will be observed that the representation on which plaintiff claims to have acted in instituting the garnishment proceedings consisted (1) in the statement of a matter of fact, viz., that the garnishee was at that time indebted to Lustick in a certain amount; and (2) in a promise or agreement as to his conduct in the future, viz., that he would withhold the amount, and not pay it over to Lustick, until plaintiff would

have an opportunity to procure an execution to issue, and notice of garnishment to be served upon him. But it does not appear from the averments of the pleading that the statement as to the matter of fact was not true when it was made; that is, it is not averred that the garnishee was not indebted to Lustick at the time the representation was made. Some time elapsed between the making of the representation and the service of the garnishment notice, and, for anything that appears in the pleading, the garnishee may have been indebted to Lustick at the time of the representation, and have paid the amount to him before the notice was served upon him. If those are the facts, the injury and damages which would result to plaintiff in case of the garnishee's discharge would be occasioned, not by his denial of the truth of his statement that he was indebted to Lustick, but by his failure to perform the agreement to retain in his hands the amount of the indebtedness until the notice of garnishment should be served upon him. But an estoppel does not arise from the mere failure of a party to perform an executory agreement.

The doctrine of estoppel is applied to prevent the injustice which would result if one who has once asserted the existence of a fact, and thereby induced another to act in the belief of the truth of that statement, so as to change his previous position, were permitted afterwards to deny its truth. Under such circumstances, and as against the one who made the statement, the law is that it shall be conclusively presumed to be true. *Pickard v. Sears*, 6 Adol. & E., 469. But it is difficult to conceive a case in which one who is sued for the mere failure to perform an executory agreement would be precluded by the law from making any defense against the claim. It may be that plaintiff has a cause of action against the garnishee on the agreement; but, if so, he clearly cannot enforce it in this proceeding. His remedy in that case must be sought in an original action against the party as defendant. In this proceeding, if he can recover at all, he can do so only by showing either that the garnishee was indebted to

the defendant in execution when the notice of garnishment was served on him, or that such a state of facts existed that he is estopped to deny that he was so indebted. The pleading in question, in our opinion, does not show either of these states of fact.

AFFIRMED.