# Weaver *v.* Bell.

*Statutory Detinue for Bale of Cotton.*

| 87 | 385 |
|----|-----|
| 95 | 282 |

| 87 | 385 |
|----|-----|
| 133 | 424 |

1. *Verbal mortgage.*—By statutory provisions now of force (Code, § 1731), a mortgage of personal property is required to be in writing, and subscribed by the mortgagor, and a verbal mortgage has no validity.

2. *Estoppel by words or conduct.*—The breach of a mere executory agreement or promise does not constitute an estoppel *en pais;* as where plaintiff, in a conversation with defendant, relative to furnishing supplies to a third person to make a crop, said that he would not claim the crops in the fall if defendant would furnish the supplies, and defendant thereupon furnished supplies on the faith of a verbal mortgage only, these facts do not estop plaintiff from afterwards taking a mortgage on the crops for supplies subssquently furnished by him.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

This action was brought by M. C. Bell against J. A. Weaver, to recover a bale of cotton; and was commenced in a justice's court, on the 3d of November, 1885. The cotton was raised during the year 1885 by one J. W. Foster, under whom each party claimed; the plaintiff under a mortgage for advances dated September 11th, 1885, and the defendant under a verbal mortgage given in March or April, 1885, for supplies furnished to said Foster during the year 1885; and the defendant also sought to establish an estoppel against the plaintiff, as created by a conversation which is stated in the opinion of the court. The plaintiff's mortgage was duly recorded, and the defendant had actual notice of it at the time the cotton was delivered to him by Foster. The rulings of the court, in the charges given and refused, were in favor of the plaintiff; and these rulings, to which the defendant excepted, are now assigned as error.

WALDEN & SON, for appellant.

BURNETT & SMYER, *contra.*

CLOPTON, J.—The mortgage, from which the plaintiff derives title to the cotton sued for, was executed by J. W. Foster September 11, 1885. In April preceding, defendant

[Weaver v. Bell.]

and Foster, made an agreement, by which the latter gave the former a verbal lien on the crops covered by the mortgage, to secure supplies furnished by defendant, with the understanding that the crop of cotton should be his until the supplies were paid for. Defendant bases his right on a delivery of the cotton to him by Foster in pursuance of this agreement. It is not disputed that the cotton in controversy is embraced in the mortgage under which plaintiff claims, and that defendant had notice of it at the time he received the cotton. The only ground of defense is, that plaintiff is estopped from asserting title against the claim of defendant. It is claimed that the estoppel arises on a conversation about furnishing Foster with supplies, which defendant testifies occurred between him and plaintiff about the last of March, or first of April, 1885. We state the conversation in his own language: "I asked Bell to furnish Foster that year. He said he would not; that Foster already owed him. Bell said, 'You furnish him.' I replied, 'If I do, you'll come up in the fall, and want the crops.' Bell then said he would not." Thereafter defendant made the agreement with Foster above stated, and furnished him supplies.

By the agreement defendant obtained only a parol mortgage of the crops. This was invalid under section 1731 of Code of 1886, which was in force at that time. The section declares: "A mortgage of personal property is not valid, unless made in writing and subscribed by the mortgagor." Defendant was a creditor without a lien, without right in or to the cotton, until its delivery to him.

A false representation by word or conduct, or a concealment of material facts, upon which another has been induced to act to his prejudice, is essential to constitute an estoppel *en pais*. In ordinary cases, the representation or concealment must have reference to past or present facts. A representation, relating to future action or conduct, operates as an estoppel only when it has reference to the future relinquishment or subordination of an existing right, which is made to induce, and by which the party to whom it was addressed has been induced to act. If the mortgage of plaintiff had been an existing lien at the time of the conversation, and his declaration had reference to its waiver or abandonment should defendant furnish Foster with supplies, this might form the basis of an estoppel, the other essential elements being established. But such is not the case. Plaintiff's mortgage was not executed until several months afterwards,

[Smith v. Alexander.]

It will be observed that the only representation of fact, made by plaintiff, was that Foster already owed him.    There is no attempt to prove any facts different from the state of things as represented in the conversation.    The declaration of plaintiff to defendant can be regarded only as a declaration of intention, which may be modified, or, at the utmost, as a promise or agreement.    Hence the claim of defendant is, that plaintiff, by his declaration of intention or promise, as it may be construed, estopped himself from the future acquisition of a lien on the crops, which he can set up against the right of defendant, as a creditor without a lien.    If any injury has resulted to defendant, it was occasioned by the failure of the plaintiff to perform his contract, for which, if it be a binding contract, he is liable in damages.  The breach of an executory agreement does not constitute an estoppel *en pais*.    It possesses none of the essential elements.—*Starry v. Korah*, 65 Iowa, 267; *Jackson v. Allen*, 120 Mass. 64; *Ins. Co. v. Mowby*, 96 U. S. 544.

The court did not err in refusing the charges requested by defendant.

Affirmed.