# White *v.* Levy.

*Action on Verbal Contract for Rent, and Damages for Breach.*

1. *Rulings on demurrer; error without injury.*—The sustaining of a demurrer to some of the special counts in the complaint, if erroneous, will not work a reversal, when the remaining counts present substantially the same cause of action.

2. *Verbal contract of rent.*—A verbal contract for the rent of premises for the term of one year, to commence at a future day, is void under the statute of frauds (Code, § 1732, subd. 1), because not to be performed within one year.

3. *Statute of frauds; when available on demurrer.*—When the complaint shows that the contract sued on is obnoxious to the statute of frauds, the benefit of the statute may be claimed by demurrer.

4. *Estoppel against pleading statute of frauds.*—A lessee, when sued for rent accruing under a verbal contract which was void under the

[White v. Levy.]

statute of frauds, or for damages for a breach of the verbal contract, is not estopped from setting up the statute of frauds in defense of the action, because, being in possession under a former lease when the contract was made, he abandoned the possession at the end of his term without notifying the lessor of his intention not to hold under the new lease.

5. *Judgment on demurrer sustained to part of complaint.*—When the court has, without reversible error, sustained a demurrer to some of the counts of the complaint, and the plaintiff declines either to amend or to proceed on the remaining counts, the court may render judgment final for the defendant.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by Hettie White against Marshall P. Levy, and was commenced on the 5th February, 1890. The complaint contained ten counts, each of which claimed $200, the first installment of rent alleged to be due under a verbal contract for the lease by the plaintiff to the defendant of certain premises in the city of Mobile. According to the averments of the complaint, the contract between the parties was made in July, 1889, the defendant being at the time in possession of the premises under a former lease, at the annual rent of $800, payable quarterly; and he told plaintiff that he desired to retain the premises for another year, on the same terms, to which plaintiff assented; but, on the 31st October, 1889, when his term expired, he abandoned the premises without giving plaintiff any notice of his intention to do so. Some of the counts claimed the $200 as an installment of rent due under the verbal contract; others, as damages for a breach of that contract; and others, in the common form, on account, and for use and occupation. The case went off on demurrer, and the rulings on the demurrers are here assigned as error.

W. E. RICHARDSON, and HENRY CHAMBERLAIN, for appellants. (1.) The court erred in sustaining the demurrers to the complaint.—*Sharpe v. National Bank*, 87 Ala. 644; *Whilden v. P. & M. Bank*, 64 Ala. 1; *Life Insurance Co. v. Randall*, 74 Ala. 170; *Forney v. Calhoun County*, 84 Ala. 22; s. c., 86 Ala. 463; *Myer v. Mitchell*, 75 Ala. 480; *Forward v. Armistead*, 12 Ala. 127; Browne on Statute of Frauds, §§ 442, 443, 444, 457, 458. (2.) The defendant is estopped from setting up the statute of frauds.—Bigelow on Estoppel (5th Ed.), pp. 712–716; *McPherson v. Walters*, 16 Ala. 714; *Hendricks v. Kelly*, 64 Ala. 388; *Kirk v. Hamilton*, 102 U. S. 68; *Dickerson v. Colgrove*, 100 U. S. 578; *Brown v. Wheeler*, 17 Conn. 345.

G. L. & H.T. SMITH, *contra.*—The court did not err in sustaining

[White v. Levy.]

the demurrer for misjoinder of counts.— *Wilkinson v. Bloch*, 30 Ala. 330; *Liddell v. Chidester*, 84 Ala. 510; 11 Amer. & Eng. Encyc. of Law, p. 1004, n. 3. When the complaint shows that the contract sued on falls within the ban of the statute of frauds, the fault may be taken advantage of by demurrer,—*Jonas v. Fields*, 83 Ala. 447; *Phillips v. Adams*, 70 Ala. 374; 8 Amer. & Eng. Encyc. of Law, p. 746. The demurrer on the ground of the statute of frauds was rightly sustained.— *Thiess v. Crommelin*, 31 Ala. 412.

McCLELLAN, J.—The complaint contains ten counts. It was demurred to as a whole, for misjoinder of counts *ex contractu* and *ex delicto ;* and the 1st, 2d, 3d and 10th counts were separately demurred to, on the ground that the claim therein set forth was based on a verbal contract which, by its terms, was not to be performed within one year from the making thereof. All of the demurrers were sustained. Plaintiff thereupon obtained leave to amend, and did so only by striking out the words "and rent," where they occur at one place in the 10th count. The amendment amounted to nothing. There is nothing in the record before us by which it can be determined at which place of the two, where the words "and rent" occur in the 10th count, they were stricken out. Moreover, had they been stricken out in both instances, the count would not have been changed at all in legal effect. As thus changed in phraseology, and as thus remaining the same in legal contemplation, the same demurrers were again interposed to the whole complaint, and to its 1st, 2d, 3d and 10th counts, and submitted to the court. Those which went to the complaint as a whole were overruled. Those confined to the four counts mentioned were sustained. This left counts 4, 5, 6, 7, 8, 9, unaffected and before the court. But the plaintiff declined to amend the counts adjudged to be bad, and refused to proceed on the remaining counts; and thereupon judgment final was rendered for the defendant. The case may be considered as if the only action had on the demurrers was that overruling those for misjoinder, and sustaining those which set up the statute of frauds against the 1st, 2d, 3d and 10th counts, since the complaint as last presented was, to all legal intents and purposes, the same as when originally filed; and if error was committed in sustaining the demurrers for misjoinder as first interposed, it was not prejudicial to plaintiff, as the only counts affected thereby, which were not also reached by the demurrers predicated on the statute of frauds, were those which were before the court when final judgment was rendered. The questions to be considered, therefore, go

[White v. Levy.]

to the trial court's action in sustaining the 3d and 4th grounds of the demurrer filed July 16, 1890, and thereafter, upon plaintiffs declining to amend the counts to which these assignments of demurrer were addressed, and refusing to proceed on the remaining counts, rendering final judgment for the defendant.

There can be no misunderstanding of the 1st, 2d, 3d and 10th counts. They each claim the sum of two hundred dollars as an installment of rent due under a verbal contract entered into July, 1889, for the demise of certain land for a term of one year, to commence on November 1st, 1889, and to end on October 31st, 1890. Very clearly this was an agreement which, by its terms, was not to be performed within one year from its date, and which therefore, not having been reduced to writing, is obnoxious to the statute of frauds and void. Code, § 1732; *Crommelin v. Thiess*, 31 Ala. 412; *Martin v. Blanchett*, 77 Ala. 288.

The invalidity of the contract sued on appearing from the complaint itself, the statute of frauds, as a defense to the action, was properly brought forward by demurrer.—*Phillips v. Adams*, 70 Ala. 374; *Jonas v. Fields*, 83 Ala. 445.

To admit the doctrine elaborated in argument, that defendant is estopped to set up the statute of frauds here, because, while his contract was not in writing, yet he did promise to occupy the premises as a tenant for the term commencing November 1st, 1889, and failed to notify plaintiff to the contrary, the consequence being that she lost opportunity to secure another tenant, would be to utterly destroy the statute. It is directed against just this class of promises, entailing in most instances just this character of detriment to the promisee. The position is wholly untenable. All that is said in the counts under consideration, involving the idea that the defendant should be held to a tenancy for 1889–90, or from year to year, for that he had leased the premises for several preceding years successively, and gave no notice that he would not hold longer than October 31st, 1889; and in argument with respect to contracts taken out of the statute of frauds by part performance and the like, is of no importance whatever here. The verbal contract for the year in question was not, the complaint shows, performed in any particular, or to any extent, and the defendant did not hold over into the year 1889–90 for a single moment of time.

The demurrers were well sustained. After striking out those counts of the complaint, to which they were addressed, six other counts remained, as we have seen. The plaintiff declining to amend those stricken out, and refusing to proceed

[Geneva County v. Hall.]

further on those remaining, there was nothing for the court to do but render judgment for the defendant.—*Montgomery Iron Works v. Donovan*, 78 Ala. 218.

Affirmed.