# Allen, *et al v.* Bromberg, *et al.*

### *Bill to Enjoin Probate of Will.*

(Decided June 30, 1909. Rehearing denied Dec. 16, 1909. 50 South. 884.)

1. *Frauds, Statute of; Agreement to Make Mutual Will; Evidence.* —The fact that parties make mutual wills does not show an agreement to do so, and the wills themselves cannot furnish any memoranda of the contract.

2. *Same; Sale of Real Estate; Memorandum.*—A memorandum for the contract of sale of real estate, to avoid the force and effect of statute of frauds, must show the contract either on its face or by reference to some other writing so that it may be understood without recourse to parol evidence.

3. *Same; Agreement to Make Will; Validity.*—Where there was an agreement between husband and wife to make mutual wills disposing of real estate, the same was void under statute of frauds, unless in writing (Sec. 4289, subd. 5, Code 1907) and the wife had the right to revoke a will made pursuant thereof, after the death of the husband, and to make another.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by F. G. Bromberg and others against Edward P.. Allen, executor of the last will and testament of Mary B. Johnson, and others, to enjoin the probate by Allen of an alleged will of the said decedent. Decree for plaintiffs and defendants appeal. Reversed and bill dismissed.

SULLIVAN & STALLWORTH, for appellant.—To be enforcible, a promise to devise lands must be in writing.— *Manning v. Pippin,* 86 Ala. 357; s. c. 95 Ala. 538; *Gould v. Mansfield,* 103 Mass. 408; *Swash v. Sharpstein,* 32 L. R. A. 797. The simple denial of the alleged contract, the denial of valuable consideration for the contract and the statute of frauds were special matters of defense to be separately pleaded.—*Stein v. McGrath,* 128 Ala. 175. The wife is entitled to dissent from the husband's will, (Sec. 4559, Code 1896) and upon such dissent to receive all the personalty (Sec. 1462, Code 1896) and to be endowed with one-half of the land. (Sec. 1505, Code 1896.) Her right to exemptions were fixed even without a defense.—Secs. 2069, 2073, Code 1896; *Hubbard v. Russell,* 73 Ala. 578. Tucker was incompetent to testify as to his testator's statements.— Sec. 1794, Code 1896. The testimony was incompetent as tending to show only a parol agreement.—*Manning v. Pippin, supra; Schumacher v. Schmidt,* 44 Ala. 454.

FREDERICK G. BROMBERG, for appellee.—The facts will be found substantially as stated in *Allen v. Bromberg,* 147 Ala. 317. None but parties themselves can raise a misjoinder.—Storey's Eq. Jur. sec. 278; 1 Daniels Chan. Pr. 338. The pleas were insufficient; *Bollman v. Overall,* 80 Ala. 451. There was no objection to the testimony as there was no conflict between the dead and the living.—*Ala. G. L. I. Co. v. Sledge,* 62

Ala. 569; *Manegold v. Mass. L. I. Co.,* 131 Ala. 183. The estate of Mary Johnston was not sought to be charged with anything.—*Davis v. Tarver,* 65 Ala. 101; *Bibb v. Hunter,* 79 Ala. 358; *Hill v. Helton,* 80 Ala. 532. One who occupies the position of trustee, may testify as to transactions with the deceased as to matters connected with the estate.—*Cromwell v. Horton,* 94 Ala. 647. The appellees have a right of action based upon a promise made for their benefit.—*Potts v. 1st Nat. Bank,* 102 Ala. 286; *Huckabee v. May,* 14 Ala. 263. The two wills of Frederick and Mary Johnson constitute but one statement evidencing the contract between them.—*Berry v. Nall,* 54 Ala. 449.

SIMPSON, J.—This case was before this court, at a previous term, on motion to dismiss the bill, and the facts will be found fully stated in *Allen et al. v. Bromberg et al.,* 147 Ala. 317, 41 South. 771.

It is claimed by the appellees that the court, on that occasion, decided that the agreement by Mary B. Johnson with her husband, Frederick Johnson, to make a certain disposition of her property by will, was valid and binding. A reference to that case will show that the appeal was from a decree overruling a motion to dismiss the bill for want of equity, and to dissolve the injunction, and a decree was here rendered dissolving the injunction and dismissing the bill for want of equity, on the ground that the bill sought to enjoin the probating of the will last made by said Mary B. Johnson, which could not be done. The court, however, stated the general principle that a person may make a valid agreement to dispose of property by will; "but the theory on which the courts proceed is to construe such agreement, unless void by the statute of frauds or other reason, to bind the property," etc.—Page 321 of

147 Ala., page 772 of 41 South. It will be seen that the court expressely refrained from deciding the most important point in this case, to wit, whether the agreement contended for was void under the provisions of the statute of frauds.

It has been declared, with regard to wills of personal property made mutually by agreement between the parties, that after the death of one of the parties, having complied with his agreement, the other party cannot revoke his will.—*Dufour v. Periera,* 1 Dickens' Reports, 419; *Stone v. Hoskins,* L. R. 1905) 194 (in this case it is not specifically stated that only personal property was involved, but it is presumed, as no question of the statute of frauds was raised) ; *Izard v. Middleton,* 1 Desaus. (S. C.) 116. There are also cases, where one of the parties to mutual wills has reaped the fruits of the will of another, he cannot revoke his will made mutually, even though it relates to lands. These are based upon the performance by one party of his part of the contract, which principle, as will be shown, does not apply under our statute of frauds and decisions.— *Carmichael v. Carmichael,* 72 Mich. 76, 40 N. W. 173, 1 L. R. A. 596, 16 Am. St. Rep. 528. Others place it upon the ground that the partial or entire performance was of such a nature that it would operate as a fraud upon the party performing to deny relief; others again on the principle that a trust was imposed on the land, which cannot be done under our statute by parol.—*Korminsky v. Korminsky,* 2 Misc. Rep. 138, 21 N. Y. Supp. 611; *Brinton v. Van Cott,* 8 Utah, 480, 33 Pac. 218; *Heath v. Heath,* 18 Misc. Rep. 521, 42 N. Y. Supp. 1087. There are other cases where the will partook of the nature of a contract, and the statute of frauds was complied with, by placing the devisee in possession at the time of making the will, and he per-

formed his part, in which it was held that the will could not be afterwards revoked.—*Smith v. Tuit,* 127 Pa. 341, 17 Atl. 995, 14 Am. St. Rep. 851; *Tuit v. Smith,* 137 Pa. 35, 20 Atl. 579; *Smith v. Pierce,* 65 Vt. 200, 25 Atl. 1092 (there was really no acceptance in this case); *Bird v. Pope,* 73 Mich. 483, 41 N. W. 514.

Our statute specifically provides that parol contracts relating to the sale of lands or any interest therein are void, unless the purchase money or a portion thereof be paid, and the purchaser placed in possession (Code 1907, § 4289, subd. 5); and our court has uniformly held that both of these requisites are necessary, in order to take the contract out of the operation of the statute.—*Heflin v. Milton,* 69 Ala. 354, and cases cited in Code; also, *Thompson v. New South C. Co.,* 135 Ala. 630, 637, 638, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49. In a case where, by a verbal agreement, the defendant had agreed not to erect, or allow to be erected, a warehouse at a certain landing, if complainant would purchase the adjoining land, erect a warehouse, and store freight free of charge, all of which was done, it was held that this performance did not take the contract out from the operation of the statute of frauds, and that a court of chancery could not enforce the contract.—*Clanton v. Scruggs,* 95 Ala. 279, 10 South. 757. The reasoning of the court is that even in this extreme case where the party had acted on the faith of the contract, performing his part so as to place himself in a position which could not be retraced, the other party could not be estopped from setting up the statute, at least unless the promise was made fraudulently, with no intention of performing it, and the court does not commit itself even to that proposition (page 283 of 95 Ala., page 758 of 10 South.).

In the Court of Appeals of Kentucky it was insisted that a joint will was invalid, because it destroyed the

power of revocation. The court held it valid, but said, "To make an irrevocable will would be the creation of an instrument unknown to law," and went on to state that either party could revoke it after the death of the other.—*Hill v. Harding,* 92 Ky. 79-80, 17 S. W. 199, 437. An agreement between A. and B. by parol that each would make a will of real estate in favor of the other is void within the statute of frauds.—*Gould v. Mansfield,* 103 Mass.408, 4 Am. Rep. 573; *Swash v. Sharpstein,* 14 Wash. 426, 44 Pac. 862, 32 L. R. A. 796; *Hale v. Hale,* 90 Va. 728, 19 S. E. 739. "A verbal promise to make a will devising land to the promisee, in consideration of his present conveyance of land to the promisor, is void under the statute of frauds."—*Manning v. Pippin,* 86 Ala. 357, 364, 5 South. 572, 11 Am. St. Rep. 46; *Manning v. Pippen,* 95 Ala. 537, 541, 542, 11 South. 56.

The case of *Bolman et al. v. Overall et al.,* 80 Ala. 451, 2 South. 624, 60 Am. Rep. 107, is relied upon by the appellees in this case. In addition to the fact that the latter cases, above cited, are clear and specific to the point, that decision was based on the wording of the paper itself; the court saying: "But it is also a contract, in essence and fact, being executed, as stated on the face of the paper, 'in consideration of past and future treatment,' etc. The purpose of the bill, as we construe it, is not to enforce the parol agreement, in which the deceased agreed to bequeath to complainants all the property she might own at the time of her death. but rather to enforce the modified agreement, as evidenced by the written instrument purporting to be a will. No question can properly arise, therefore, as to the influence of the statute of frauds." —Pages 454, 455 of 80 Ala., page 625 of 2 South. (60 Am. Rep. 107). The fact that parties make mu-

tual wills does not show that there was any agreement to do so (*Edson v. Parsons*, 85 Hun, 263, 32 N. Y. Supp. 1036; *Edson v. Parsons*, 155 N. Y. 555; and as said in the *Hale Case*, supra, the wills themselves cannot furnish any memoranda of the contract. "Neither alludes to any contract or refers to any other writing; and the established rule is that the memorandum of a contract for the sale of real estate, required by the statute, must show, either on its face or by reference to some other writing, the contract between the parties, so that it can be understood without having recourse to parol proof."—Page 731 of 90 Va., page 740 of 19 S. E.

It results that, if there was a verbal agreement in this case, it was void under the statute of frauds, and Mrs. Johnson had a right, after the death of her husband, to revoke the former will and make another one. The decree of the court is reversed, and a decree will be here rendered dismissing the bill.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.