68 So.2d 537

**NEELY et al. v. DENTON.**

6 Div. 498.

Supreme Court of Alabama.

Nov. 19, 1953.

Nash, Nash & Starnes, Oneonta, for appellants.

Johnson & Randall, Oneonta, for appellee.

GOODWYN, Justice.

Bill by optionor against optionee for specific performance of option contract for purchase of land. In substance, the bill alleges the following:

That on October 9, 1950, the complainant-optionor, appellee here, executed the following option agreement:

"Option for Purchase of Land

"The State of Alabama

"Blount County

"This Contract, made and entered into this 9th day of Oct. 1950 Witnesseth, that the undersigned N. C. Denton, for and in consideration of One and no/100 Dollars, to the said N. C. Denton paid by Lester Neely, Sr. the option or right until the 1st day of November 1950 to purchase from them the following described tract or parcel of land lying in the county of Blount County, State of Alabama, towit:

"1. (property description).

"2. It is also agreed that the said Lester Neely Sr. shall have the option or right until the 1st day of Jan. 1951 to purchase additional acreage at $250.00 per acre being of uniform width and lying in rear of the above described parcel, upon the following terms, to-wit: $5,000.00 cash for parcel described in paragraph 1 and $250.-00 per acre under paragraph 2 and they hereby agree and bind themselves; that if the said Lester Neely, Sr., shall conclude to purchase said tract or parcel of land from them at any time before the 1st day of Nove. 1950 on parcel 1 and Jan. 1, 1951 on parcel 2 and shall comply with said terms, they will make and execute a Warranty Deed conveying to said Lester Neely,

Sr. or his assigns a full good and sufficient title to said tract or parcel of land.

"Witness our hands and seals this the 9th day of October, 1950.

"N. C. Denton (L.S.)" ; that on October 10, 1950, the respondent-optionee "accepted paragraph 1 of the said option contract and the offer therein set out, and took possession of said property"; that "respondent gave notice of his acceptance of the terms of said paragraph 1 of said contract and of the fact that he had taken possession of said property and that said property was his property"; that "respondent accepted all of the terms and provisions of said paragraph 1 of said contract * * * and agreed to comply with the same" and "to pay to your complainant the sum of $5,000.00 Five Thousand dollars for said property upon the acceptance by the respondent of the terms and provisions of paragraph 1 of said contract"; that complainant "has fulfilled his part of the said contract" and "has executed the deed conveying good and merchantable title to the respondent in fee simple and delivered the same to the defendant"; that "the defendant was then in possession of said property"; that complainant "has demanded of the respondent that he pay the Five Thousand ($5,000.00) Dollars for the purchase price of said property" but that respondent has refused; that complainant "now tenders into this Court the deed which he tendered to the respondent before the filing of this suit"; and that he "has a lien on the above described property for the enforcement of the collection of the said Five Thousand dollars ($5,000.00) purchase price of said land".

The respondent, Lester Neely, Sr., died after the filing of the bill of complaint and the cause was revived against his personal representatives, appellants here.

The respondents' demurrer to the bill was overruled. This appeal is from that decree. The insistence is that the bill shows on its face that the contract sought to be specifically enforced is void under the statute of frauds, viz.: Code 1940, Tit. 20, Sec. 3, Subd. 5. (This section was amended by Act No. 645, appvd. Sept. 4, 1951, Acts of Alabama 1951, p. 1109, but the amendment has no bearing on this case.) This statute is as follows:

"§ 3. Certain contracts to be in writing, else void.—In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

\* \* \* \* \* \*

"(5) Every contract for the sale of lands, tenements, or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

It is our view, for the reasons hereinafter stated, that the court did not err in overruling the demurrer. However, we do not agree that the basis for such ruling, as stated in the decree, is sufficient to support it. It is there recited that the demurrer is overruled "in view of the allegations in the bill that respondents' testate was placed in possession of the optioned property."

Under Sec. 3, Subd. 5, supra, an agreement for the purchase of land cannot be enforced against the party who has agreed to purchase, unless one of the following conditions is met: (a) There must be some written note or memorandum of such an agreement expressing the consideration therefor which has been subscribed by the party agreeing to purchase or by some other person by him thereunto lawfully authorized in writing; or (b) the purchase money, or a portion thereof, must have been paid and the purchaser put in possession of the land by the seller. The bill alleges that the optionee "accepted" the offer contained in the option and, also, that the optionee was in "possession" of the property. From this, it is not altogether clear whether complainant is seek-

ing to take the transaction out of the statute of frauds by coming within both of the stated exceptions.

The assignments of error go only to the action of the court in overruling the additional demurrer filed on August 21, 1952. All of the grounds included therein are based on the premise that the option-contract was not signed by the optionee or by some other person authorized by him in writing, and that such contract is, therefore, as against the optionee, void and unenforceable under the statute of frauds. Thus, the only question now presented is whether the bill is demurrable on that ground. It is clear from the bill that the option agreement itself is signed only by the optionor; and if the bill showed on its face that this agreement is the sole basis for the claimed relief, the demurrer would be good. But here the allegation is that the optionee "accepted" the offer contained in the option. Whether such acceptance was made in a manner so as to bind the optionee is not affirmatively shown; but this is not necessary. The rule is that a complainant is not required to plead compliance with the statute of frauds in respect to a contract on which he relies. As stated in Johnson v. Maness, 232 Ala. 411, 413, 168 So. 452, 453:

> "It was not incumbent on the pleader, however, to allege in his bill that the contract was in writing. This seems to be an exception to the general rule that the averments will, on demurrer, be construed most strongly against the pleader. The foundation for this exception is that the defense that an alleged contract is violative of the statute of frauds (Code 1923, § 8034) is a personal defense which must, ordinarily, be specially pleaded, or is waived. Such defense cannot be presented by demurrer unless it affirmatively appears on the face of the pleading that the contract was oral, or was otherwise void under the statute of frauds. Phillips v. Adams, 70 Ala. 373; Martin v. Wharton, 38 Ala. 637; Thompson v. New South Coal Company et al., 135 Ala. 630, 34 So. 31, 62 L.R.A. 551, 93 Am.St.Rep. 49; 13 Ala-bama and Southern Digest, pages 547–550, ⬥146–150."

See, also, the later cases of Spruiell v. Stanford, 258 Ala. 212, 61 So.2d 758, 763; Dobson v. Deason, 248 Ala. 496, 497, 28 So.2d 418; Dodson v. Protective Life Ins. Co., 236 Ala. 111, 113, 181 So. 492; Johnson v. Delony, 241 Ala. 16, 17, 19, 1 So.2d 11.

An option, in its inception, "is neither a sale nor an agreement to sell. It is simply a contract by which the owner of property agrees with another, that he shall have the right to buy the property at a fixed price within a time certain. He does not sell his land; he does not then agree to sell it; but he does then sell something, viz.: the right or privilege to buy at the option or election of the other party." Cowin v. Salmon, 244 Ala. 285, 293, 13 So. 2d 190, 196; Lauderdale Power Co. v. Perry, 202 Ala. 394, 395, 80 So. 476; Bethea v. McCullough, 195 Ala. 480, 487, 70 So. 680; Fulenwider v. Rowan, 136 Ala. 287, 303, 34 So. 975. But an option can be transformed into a mutually binding contract to sell and to buy by acceptance of the option. Asbury v. Cochran, 243 Ala. 281, 282, 283, 9 So.2d 887. As already noted, the bill alleges an "acceptance" by the optionee, which, on demurrer, is sufficient. If for any reason the contract resulting from such "acceptance" is within the influence of the statute of frauds, such objection should be taken by plea or answer and not by demurrer. Johnson v. Maness, supra; Spruiell v. Stanford, supra; Dobson v. Deason, supra; Dodson v. Protective Life Ins. Co., supra; Johnson v. Delony, supra.

Although the question as to whether the bill sufficiently shows compliance with exception (b), supra, of the statute of frauds, is not squarely presented, we consider it desirable to note and briefly discuss it in view of the trial court's decree. It is indicated in that decree that it is based on the allegation in the bill that the optionee "was placed in possession of the optioned property". But being put in possession is not alone sufficient to come within the exception. The exception requires that the

purchaser not only be "put in possession of the land by the seller" but that the purchaser also pay "the purchase money, or a portion thereof". There must be both payment and possession.

The decree appealed from is affirmed. Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.