72 So.2d 81

## HAWKINS et al. v. SANDERS et al.

### 2 Div. 328.

Supreme Court of Alabama.

April 15, 1954.

Sam Earle Hobbs and Graham Kirkpatrick, Selma, for appellants.

J. C. Camp, Linden, and G. E. Sledge, ·Greensboro, for appellees.

PER CURIAM.

This is an appeal by complainants from a decree in equity sustaining a demurrer to a bill as amended and dismissing the cause.

The complainants style themselves as the legitimate children of the legitimate children of Bob Hawkins who died intestate August 16, 1917, owning about four hundred acres of land in Marengo County. He is also alleged to have certain named illegitimate children by Margaret Hawkins whom he later married, but without legitimatizing them.

An instrument purporting to be his will was probated October 3, 1917. This will bequeathed the fee of one hundred and seventy-three acres of land to Margaret. She later married one Peter Sanders, and died in September 1948. Sanders mort-

gaged to Henry McDaniel the one hundred and seventy-three acres of land claiming it as the surviving husband of Margaret.

This bill was filed October 21, 1952 by the children of Bob's legitimate children whose purpose is to vacate the probate decree and for other relief. It makes Sanders and McDaniel parties. It does not make the children of Margaret parties, being content to allege that they are the illegitimate children of Bob Hawkins. But even so, they inherit from Margaret. Section 7, Title 16, Code. The purpose of the bill is to divest the title which purported to pass to Margaret by the will and invest it in the complainants. Margaret being dead her title passed to her heirs. It could not be divested out of them unless they are made parties. They are not parties. While no attention has been given that status by the respondents, the court must recognize an absence of jurisdiction and cannot grant any relief sought in the absence of the necessary parties.

But since we think the court correctly sustained the demurrer based on the contentions advanced upon we will proceed to analyze them.

The essence of the bill, although it is not so styled, is primarily one in the nature of a bill of review (see, Equity Rule 66); with an effort to make it also a technical bill of review for error apparent on the record of a decree of the probate court admitting the will of Bob Hawkins to probate.

The question is on the sufficiency of the bill to withstand attack by the demurrer.

The decree of the probate court, in question, was, we repeat, dated October 3, 1917. We will not at this time discuss the effect of the delay in filing this suit until October 21, 1952.

One feature of the attack on the probate decree is that the will thereby probated was a forgery and was void and of no force and effect. The ground upon which such relief is available is fraud in procuring the decree. Laney v. Dean, 258

Ala. 37, 61 So.2d 109. And it must be extrinsic in its application. Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. Intrinsic fraud is not alone available for that purpose. That is fraud relating to the subject matter of the proceeding, such as the false assertion of facts constituting the elements of the proceeding in which the decree was rendered or the false swearing of witnesses on the trial. Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585.

There is a limitation on that principle to the effect that "where the jurisdiction of the court of law is acquired by the fraudulent concoction of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice, the protection of the court demands that there should be a remedy". That remedy is held to be a bill in equity in the nature of a bill of review for fraudulently invoking the power of the court over a cause of action known to be false and fraudulently asserted. Bolden v. Sloss-Sheffield Steel and Iron Co., 215 Ala. 334, 110 So. 574, 49 A.L.R. 1206; Anderson v. Anderson, supra (8); Jones v. Henderson, 228 Ala. 273, 153 So. 214; Kelen v. Brewer, 220 Ala. 175, 124 So. 247.

While the bill in the instant case alleges that the will probated was a forgery, it does not allege that the proponent of it fraudulently invoked the jurisdiction of the court to probate an instrument as a will which she knew was a forgery and was fraudulently concocted to use the court to promote a scheme to probate and give effect to an instrument as a will known to be a forgery. The allegations of the bill are insufficient to stand against demurrer on a claim that the instrument admitted to probate was a forgery.

The bill also seeks to set aside the probate decree above mentioned on the grounds of certain irregularities appearing from the record. They are (1) that the record fails to show service on Woodie Carter, one of the heirs of the alleged testator, and who was then living. Woodie Carter is not here complaining that the probate decree is not binding on her be-

cause she had no notice, but the bill simply alleges a failure of the record to show service on her. She does not appear to be a complainant. But there are so many of them, she or her successors may be included. It is also (2) alleged in this connection that the notice to Hayward Hawkins and John Hawkins as published alleged that the petition to probate was filed August 24, 1917, instead of August 27, 1917 when it was in fact filed. The probate court in 1917, and therefore before section 9579, Code of 1923, section 278, Title 13, Code of 1940 had original, general and unlimited jurisdiction in the matter of probating wills, which is in the nature of a proceeding in rem. Hall's Heirs v. Hall, 47 Ala. 290; Goodman v. Winter, 64 Ala. 410, at pages 428-429; Whitaker v. Kennamer, 229 Ala. 80, 155 So. 855. The statutory provision for notice to the next of kin is directory only and a failure to give such notice is a mere irregularity in no way affecting the validity of the probate decree on collateral attack. Caverno v. Webb, 239 Ala. 671, 196 So. 723. "The probate of a will in the probate court is not void, although notice to the widow or next of kin or to both be not given". Hall's Heirs v. Hall, supra; Hardy v. Hardy's Heirs, 26 Ala. 524; Watson v. Turner, 89 Ala. 220, 8 So. 20.

■ A court of equity may set aside a decree against a party on allegation and proof that he was not served, provided he shows he has a meritorious claim, Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782, but it will not set aside the judgment of a court of general jurisdiction merely because the record does not show the service of notice. As against such attack it is conclusive. Goodman v. Winter, supra, 64 Ala. at page 431; Pettus v. McClannahan, 52 Ala. 55, 59, 60; Weaver v. Brown, 87 Ala. 533, 6 So. 354; Robinson v. Allison, 97 Ala. 596, 12 So. 382, 604.

■ To the extent that the bill seeks to have the probate decree annulled on account of a failure of the record to show proper service, it is a bill of review and not one of that nature. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Cunningham v. Wood, 224 Ala. 288, 140 So. 351. It is not free from demurrer to the extent that it seeks to set aside the probate decree because of the status of the record in regard to notice or any other irregularity there referred to.

■ And such a bill was then, as it is now, required to be instituted within three years after the decree probating the will was rendered. As a bill of review it was so required by statute, section 3178, Code of 1907. That limitation had been applied by analogy to a bill in the nature of a bill of review whose object is to vacate the decree for fraud. Urquhart v. McDonald, 252 Ala. 505, 42 So.2d 9; Quick v. McDonald, 214 Ala. 587, 108 So. 529. It may be that Margaret Hawkins could have estopped herself from claiming that such a bill must have been filed within three years. This could have been done only by showing actual fraud. Spencer v. Spencer, 254 Ala. 22, 26, 27(3), 47 So.2d 252; Woolen v. Taylor, 248 Ala. 407, 27 So.2d 863; Allen v. Bromberg, 163 Ala. 620, 624, 50 So. 884. But in order for the heirs at this time to take advantage of any such fraud which may have produced that result they must, as a condition to relief, allege in their bill the existence of facts which would have had the effect of annulling that probate decree. Murphree v. International Shoe Co., supra. The facts which they allege do not show, as we have said, a right to that relief. It is therefore unnecessary for us to analyze the contention made by complainants in their bill to excuse their delay in attacking the probate decree for fraud. It is wholly immaterial whether their delay was justified by the facts alleged.

Another aspect of the bill seeks to establish in Margaret Hawkins and her successors a constructive trust in respect to the one hundred and seventy-three acres of land which were devised to her by the will. The basis for that claim is set forth in the allegation that apparently after the will was probated, but within what time is not alleged, and after Margaret took possession of the land by authority of the will, "the legitimate sons and daughter of Bob Hawkins * * * did then and there question

the right of Margaret Hawkins to take said lands in fee simple; and that said Margaret Hawkins did state that she claimed only a life estate in said land, and that upon her death said lands would descend to the heirs at law of Bob Hawkins, namely, the legitimate children of Bob Hawkins and Phoebe Hawkins (his first wife); and your complainants aver that in reliance on the representations of said Margaret Hawkins, as aforesaid, the legitimate children of Bob Hawkins, deceased, and Phoebe Hawkins, deceased, were lulled into a sense of false security, and as a result thereof refrained from asserting their rights in the court; and your complainants do allege that then and there a constructive trust did arise in favor of the legitimate children of Bob Hawkins, deceased, and Phoebe Hawkins, deceased, and thereafter said Margaret Hawkins did hold the said lands in trust for the legitimate children of Bob Hawkins and Phoebe Hawkins, deceased, and their heirs at law."

We recognize the general principle that "a 'constructive trust' arises when one person, occupying a fiduciary position, or having placed himself in such position in relation to another that good faith requires him to act for the other and not for himself, acquires the title to the property in himself, in place of the *cestui que trust*, and the transaction and taking title in himself must be conceived in fraud." Talley v. Talley, 248 Ala. 84(4), 26 So.2d 586; Butts v. Cooper, 152 Ala. 375, 44 So. 616. But there is no such right to result from the allegations of the bill upon the basis of which a constructive trust is claimed and, therefore, the bill in that aspect was subject to the demurrer.

Neither are those allegations sufficient to justify a claim that Margaret Hawkins estopped herself from asserting more than a life interest in the land devised to her. The elements of actual fraud necessary to claim such an estoppel are not set out in the bill. Such representations must have been made by Margaret under circumstances which stamp it with actual fraud as defined in our cases. Spencer v. Spencer, supra;

Woolen v. Taylor, supra; Allen v. Bromberg, supra.

It appears from the above discussion that, in our view, there is no aspect of the bill which is free from demurrer and the court did not err in sustaining the demurrer to it and dismissing it. The decree should therefore be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.