91 So.2d 692

**C. H. HURST et al.**

v.

**Robin THOMAS.**

**8 Div. 856.**

Supreme Court of Alabama.

Dec. 21, 1956.

Julian Harris and Philip T. Shanks, Jr., Decatur, for appellants.

Russell W. Lynne, Decatur, for appellee.

GOODWYN, Justice.

The appellee, complainant below, brought a suit in equity against appellants, respondents below, seeking specific performance of an oral agreement for lease of real estate and an injunction to restrain respondents from interfering with complainant's possession of the property. The trial court rendered a decree granting the relief prayed for. This appeal is by the respondents from that decree. The testimony was taken orally before the trial judge.

To the extent material to an understanding of the issues presented for review on this appeal, the facts are these: The property involved is a store building in Decatur belonging to C. H. Hurst, one of the respondents. This building had been leased for the year 1955 to one Semmes who operated an automobile agency on the adjoining lot. In the fall of 1955 the complainant, Thomas, learned that Semmes seldom used the building and did not intend to renew his lease at the end of the year. Thomas then approached Hurst seeking a lease for the coming year. He testified that he planned to use the front part of the building as a furniture store and to sub-rent the rear portion to another concern, the Worthington Corporation.

Thomas contacted Hurst several times with regard to procuring a lease, but they could not agree on the rental. Finally they agreed to meet at a cafe in Decatur to further discuss terms. Here the evidence is in sharp conflict. The only witnesses present at the meeting were Thomas and Hurst. Thomas testified that a definite oral lease agreement was made for the coming year at a monthly rental of $200 payable in advance, with an option for renewal for an additional year, and that Hurst told him to go ahead with his plans for the use of the building. Hurst denied that any agreement was reached, and testified that the negotiations were left pending. The trial court resolved this conflict

in the evidence in favor of the complainant, and found as a matter of fact that the oral lease had been agreed on as contended by the complainant.

The complainant testified that, in reliance on the agreement with Hurst, he negotiated an agreement with Semmes for the sub-lease of the building during December for $150. No part of the rental money was paid to Semmes, but an employee of Semmes did give the keys of the building to Thomas, and Thomas proceeded to clean out the building and erect a partition between the area he was to use and the portion which he planned to sub-rent to the Worthington Corporation. Thomas further testified that he definitely committed himself to sub-rent to the Worthington Corporation on the faith of his agreement with Hurst. However, no agreement between Thomas and his proposed sub-tenant was ever signed.

Later in December Hurst entered into a written lease of the premises with the defendant Gregg for a term of three years at a monthly rental of $250. Semmes also agreed to sub-rent to Gregg for the remainder of December and the rental was immediately paid in cash. Gregg then changed the locks on the building and refused entry to the complainant.

The complainant then brought this suit for specific performance of the alleged oral lease agreement with Hurst, and asked the court to restrain Gregg and Hurst from interfering with his possession. The trial court granted specific performance, and the respondents prosecute this appeal.

The position taken by appellants is thus stated in their brief:

"We consider that the trial court has (1) arrived at a wholly erroneous conclusion of fact in holding that Thomas and Hurst made any rental agreement on December 6, 1955, covering the suit premises, (2) has ignored the Statute of Frauds, particularly that portion relating to oral leas-es for a period of a year, to commence in the future, and requiring, for validity, (a) payment of the rent, or a part thereof, and (b) possession delivered by the lessor to the lessee, and (3) has attempted to apply the law of estoppel to a situation where such has no occasion to be applied and has no relevance. We feel equally strong on each of these four matters, but realizing the presumption in favor of the finding of a trial court, hearing a case without the intervention of a jury, when the testimony is ore tenus, we will forego any argument on the issue of fact, numbered (1) above, but will devote our attention to the three remaining matters in the order set out above."

The first question presented, then, is whether the alleged oral lease is valid and operative as being within the exception to the Statute of Frauds, § 3, Subd. (5), Tit. 20, Code 1940, as amended. Section 3 was amended in 1951 by adding subdivision (6), but the amendment has no bearing on this case. Act No. 645, approved Sept. 4, 1951, Acts 1951, p. 1109. If it should be held that the oral agreement is not valid because within the Statute of Frauds, another question is whether the principle of estoppel is applicable so as to deny to respondents the right to interpose the Statute of Frauds as a defense.

Section 3, Subd. (5), Tit. 20, as amended, provides as follows:

"§ 3. Certain contracts to be in writing, else void.—In the following cases, every agreement is void, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing:

\*   \*   \*   \*   \*   \*

"(5) Every contract for the sale of lands, tenements, or hereditaments, or

of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof be paid, and the purchaser be put in possession of the land by the seller."

This court has uniformly held that both possession and payment are necessary in order to take the oral agreement out of the operation of the statute. Neely v. Denton, 260 Ala. 26, 29, 68 So.2d 537; Allen v. Bromberg, 163 Ala. 620, 624, 50 So. 884; Heflin v. Milton, 69 Ala. 354, 357.

■ It is undisputed under the facts of this case that Thomas never actually paid Hurst any rental money under the alleged oral lease. It is contended by the appellee, however, that the cleaning of the building and the erection of partitions by Thomas constituted partial payment within the terms of the statute. We are unable to agree. It appears obvious from the evidence that the erection of the partitions and the cleaning of the building were done by Thomas for his own benefit, and not as part of the agreed consideration for the lease. Williams v. Williams, 210 Ala. 372, 373, 98 So. 200; East Tennessee, V. & Ga. Railway Co. v. Davis, 91 Ala. 615, 619, 8 So. 349.

■ It is further argued by appellee that Thomas' parol promise to pay Hurst $200 as the first month's rent constituted partial payment. Our cases are conclusive on the point that a parol promise to pay money does not constitute part payment within the saving clause of the statute. Timmerman v. Stout, 216 Ala. 49, 112 So. 335; Carlson v. Erickson, 164 Ala. 380, 382, 51 So. 175. We are at the conclusion, therefore, that there was no payment of the purchase price, or a part of it, and that the oral agreement falls within the operation of the statute. We forego any discussion on the question of possession.

The decree of the trial court, however, is not based on a finding of compliance with the saving clause of the Statute of Frauds but upon the doctrine of equitable estoppel. The trial court granted specific performance, not because the contract was taken out of the operation of the statute by partial performance, but rather on the theory that the defendant is estopped to assert the statute as a defense because of his conduct. The opinion states:

＊"The court does not find it essential to the rendition of a decree in this cause to determine whether there was sufficient payment and possession to take the transaction out of the statute of frauds. (This is a court of equity, a court that delights to do justice, abhors a wrong without a remedy, and where a party has a right will frame its decrees to protect that right.) The action here is for specific performance, and this equitable remedy is a matter of sound judicial discretion controlled by established principles of equity and exercised upon a consideration of all the facts and circumstances of the particular case. It is well settled that courts of equity will not permit the statute of frauds to be used where the effect will be to accomplish a fraud, and if the facts are such that it would work a fraud to permit the defendant to interpose the statute, a court of equity will not listen to that defense.

"The enforcement of oral contracts for the lease of land for a period longer than one year is an exception which courts of equity have engrafted upon the statute of frauds. Should the conscience of the Court be touched by the facts, this exception may be called into play. Sometimes such a proceeding is called quasi specific performance. It is the opinion of the court that the circumstances here give rise to equities sufficient of themselves to take the case out of the statute of frauds. * * *"

The misconduct of the defendant upon which the estoppel is based consisted of a

deliberate breach of the contract after its creation. The court's finding of fact on this point is as follows:

"The court finds no difficulty in reaching the conclusion from a consideration of the evidence, the circumstances, and the demeanor of the witnesses before the court, that Thomas and Hurst entered into the contract of lease as contended for by complainant, but the Court has reluctantly and regretfully arrived at the conviction that Hurst (a man with whom the court is unacquainted) breached the agreement solely for the purpose of profit and because he felt the law was powerless to compel him to keep faith."

■ It is well-settled in Alabama that "an executory agreement which is void under the statute of frauds cannot be made effectual by estoppel merely because it has been acted on by the promisee, and has not been performed by the promisor." Clanton v. Scruggs, 95 Ala. 279, 283, 10 So. 757, 759; Allen v. Bromberg, 163 Ala. 620, 624, 50 So. 884; Thompson v. New South Coal Co., 135 Ala. 630, 637, 34 So. 31, 62 L.R.A. 551, 93 Am.St.Rep. 49; White v. Levy, 93 Ala. 484, 487, 9 So. 164. See, also, Spencer v. Spencer, 254 Ala. 22, 26, 47 So.2d 252.

The rule is thus stated in White v. Levy, supra [93 Ala. 484, 9 So. 165]:

"To admit the doctrine elaborated in argument, that defendant is estopped to set up the statute of frauds here, because, while his contract was not in writing, yet he did promise to occupy the premises as a tenant for the term commencing November 1, 1889, and failed to notify plaintiff to the contrary, the consequence being that she lost opportunity to secure another tenant, would be to utterly destroy the statute. It is directed against just this class of promises, entailing, in most instances just this

character of detriment to the promisee. The position is wholly untenable. * * *"

From Clanton v. Scruggs, supra, is the following:

"* * * An essential element of an estoppel *in pais* is a false representation, or a concealment of material facts, upon which another has been induced to act to his prejudice. The representation or concealment must, in all ordinary cases, have reference to past or present facts. A mere promise of something to be done in the future is not such a representation or concealment. One's failure to perform a promise is a very different thing from his denial of a state of facts which he had previously held out as in existence. The rule which precludes a person from claiming that the facts of a matter are different from what he represented them to be to another, who has acted on the faith of his former statements, is not to be applied to prevent a party from setting up the invalidity of a mere executory contract. One party to an invalid executory agreement is not entitled to hold the other party to the agreement just as if it had been originally valid, because the latter has received the benefit of a part performance by the former. The fact that one of the parties to such an agreement has acted on the faith of its validity does not raise up an estoppel against the other party to deny that it is binding on him. A mere breach of promise cannot constitute an estoppel *in pais*. Weaver v. Bell, 87 Ala. 385, 6 So. 298; Starry v. Korab, 65 Iowa 267, 21 N.W. 600; Jackson v. Allen, 120 Mass. 64; Langan v. Sankey, 55 Iowa 52, 7 N.W. 393. If the promise is made fraudulently, and is not meant to be kept, it is not denied that this circumstance might introduce an element of estoppel into the transaction. Bigelow, Estop. (5th Ed.) 576. This

question, however, is not decided, as there is no such feature in the present case. There is no allegation of fraud on the part of Scruggs, or that at the time of his alleged promise he did not intend to perform it. The case made by the bill is simply that of an executory contract, which cannot be enforced, because it is void under the statute of frauds. In Weaver v. Bell, supra, it was said: 'A representation, relating to future action or conduct, operates as an estoppel only when it has reference to the future relinquishment or subordination of an existing right, which it is made to induce, and by which the party to whom it was addressed was induced to act.' The representation there referred to does not include a mere promise to do or to refrain from doing something in the future. It could not have been intended to assert that an invalid executory agreement may be made binding by means of an estoppel resulting from the fact that one of the parties has acted on the faith of its validity. It is true that a disavowal of a present right, which might otherwise be asserted in the future, may be treated as the representation of an existing state of fact. But an executory agreement which is void under the statute of frauds cannot be made effectual by estoppel, merely because it has been acted on by the promisee, and has not been performed by the promisor. Brightman v. Hicks, 108 Mass. 246. Such a rule of estoppel would take the sting out of the statute of frauds, and defeat its manifest purpose. The amended bill in this case shows that the alleged right upon which the complainant relies as the basis of his claim to relief depends upon an executory agreement which was within the statute of frauds, and that the provisions of that statute were not conformed to in the making of the agreement. * * *"

In Allen v. Bromberg, supra [163 Ala. 620, 50 So. 885], it is said:

"* * * In a case where, by a verbal agreement, the defendant had agreed not to erect, or allow to be erected, a warehouse at a certain landing, if complainant would purchase the adjoining land, erect a warehouse, and store freight free of charge, all of which was done, it was held that this performance did not take the contract out from the operation of the statute of frauds, and that a court of chancery could not enforce the contract. Clanton v. Scruggs, 95 Ala. 279, 10 So. 757. The reasoning of the court is that even in this extreme case where the party had acted on the faith of the contract, performing his part so as to place himself in a position which could not be retracted, the party could not be estopped from setting up the statute, at least unless the promise was made fraudulently, with no intention of performing it, and the court does not commit itself even to that proposition ([at] page 283 of 95 Ala., [at] page 758 of 10 So.)."

We wish to make it clear that we do not find any indication in the bill of complaint, the findings of fact of the trial court, or the evidence, that respondent Hurst was guilty of fraud or inequitable conduct which should serve to estop him from interposing the Statute of Frauds as a defense. The worst that can be said of him is that he deliberately "breached the agreement solely for the purpose of profit and because he felt the law was powerless to compel him to keep faith," as stated in the trial court's findings of fact. We think the case falls fairly within the rule of the cases cited above and that Hurst is not estopped from asserting the invalidity of the oral agreement on the ground that it violates the Statute of Frauds.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.