David O. Boehm, J.
In this action the defendant has interposed several affirmative defenses and a counterclaim. Plaintiff here moves to strike out defendant’s answer and counterclaim and for a summary judgment in its action. At argument, the only document submitted in opposition to this motion was a copy of an unsigned, unsworn affidavit. Defendant’s counsel advised the court that, in spite of repeated requests, the defendant has persistently failed or refused to sign the affidavit prepared for his signature. Defendant was given until Friday, December 19, 1969, 5:00 p.m., to furnish the court and counsel for plaintiff a signed, sworn affidavit (CPLR 3212, subd. [f]), but failed to do so.
The court has read the plaintiff’s moving papers, including the pleadings, copies of the exhibits, plaintiff’s demand for bill of particulars and the order of this court dated August 27, 1969 precluding defendant from introducing into evidence any of the matters specified in the demand.
In his answer, defendant admits indorsing a check in payment to the plaintiff for the goods sold and delivered. The check was dishonored, and this action is brought to recover $3,889.62, the face amount thereof. Defendant does not deny receiving the goods, but asserts by way of affirmative defense that they were defective, and counterclaims for money damages allegedly resulting from plaintiff’s breach of warranty. However, the defendant is now precluded from offering any proof at trial with respect to the defense and counterclaim by reason of this court’s order of August 27,1969.
The defendant argues that he is not precluded from raising the same defenses by his general denial because plaintiff’s demand for a bill of particulars and the order of preclusion refer only to his affirmative defenses and counterclaim and not to his general denial where he also disclaims any liability under the check for the same reason, i.e., want or failure of consideration. This position cannot be sustained. Although want or failure of consideration may be raised as a defense in an action upon a negotiable instrument against any person not having the rights of a holder in due course (Uniform Commercial Code, §§ 3-104, 3-408; cf. Mansion Carpets v. Marinoff, 24 A D 2d 947), this must be pleaded as an affirmative defense and may not be raised under a general denial. (Watson v. Universal Transp. Co., 194 App. Div. 136; Ryan v. Sullivan, 143 App. Div. 471.) The same rule would apply where such a defense, raised originally, has been erased by an order barring the evidence necessary to support it.
*266 The court disposes of defendant’s further defense, which raises the Statute of Frauds as a bar to the action, by noting that the goods sold to the defendant were also delivered to and retained by him. The affidavits of the plaintiff and the defendant’s answer clearly show receipt, acceptance and retention (Uniform Commercial Code, § 2-201, subd. [3], pars, [b], [c]; cf. Matter of Crea, 33 A D 2d 887).
Upon all of the papers and proof submitted, the court finds that it is warranted as a matter of law in directing judgment in favor of the plaintiff. (CPLR 3212, subd. [b].)
Plaintiff’s motion for an order striking out defendant’s answer and counterclaim and directing judgment for the plaintiff in the sum of $3,889.62, with interest and costs, is granted.