CHRYSLER CORPORATION *v.* MAJESTIC MARINE, INC.

CONTRACTS—ORAL CONTRACT—ENFORCEABILITY—STATUTE OF FRAUDS
—ADMISSIONS—PLEADINGS.

> Parties' admissions in their pleadings regarding the existence of
> their oral sales and repurchase agreements and the amount of
> money due and owing to each other made the agreements en-
> forceable; therefore, summary judgments for each in the
> amount due and owing were properly granted.

Appeal from Cheboygan, Edward H. Fenlon, J.
Submitted Division 3 June 9, 1971, at Grand Rapids.
(Docket No. 10636.)   Decided July 29, 1971.

Complaint by Chrysler Corporation against Ma-
jestic Marine, Inc., for money owing for goods sold
and delivered.  Defendant counterclaimed for money
owing for goods agreed to be repurchased.  Sum-
mary judgment for plaintiff and summary judgment
for defendant, with net balance to plaintiff.  Plain-
tiff appeals.  Affirmed.

*Dreyer & Porter,* for plaintiff.

*Patrick & Johnson,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and
J. H. GILLIS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading §§ 340–343.

Per Curiam. This action arose from a series of contractual agreements between plaintiff and defendant corporations. In the original action plaintiff sued defendant to recover $3,150.45, an amount owing for goods sold and delivered to defendant between April 19, 1968, and July 31, 1969. Defendant's counterclaim contended that plaintiff had verbally agreed to repurchase a certain number of generators from defendant for the amount of $2,928.75. The existence of both agreements was admitted by the parties in their pleadings.

On October 17, 1969, plaintiff and defendant entered into a written agreement entitled "Termination by Mutual Agreement of Marine Division and Industrial Products Division, Chrysler Corporation, Distribution Agreement." This contract provided in pertinent part:

"That any and all agreements, verbal or written, that Chrysler Corporation and Majestic Marine Sales have at any time entered into, if and to the extent now in effect * * * be terminated, said termination to become effective on October 17, 1969."

Defendant claimed, on the basis of the above provision, that plaintiff was denied its right to recover the $3,150.45 despite the fact that this obligation was admitted by defendant in its pleadings.

Plaintiff claimed the converse, *i.e.*, that as a result of the October 17, 1969 agreement, plaintiff was no longer obliged to honor its oral agreement with defendant in the amount of $2,928.75, but that its original claim of $3,150.45 still exists.

The trial court, in an excellent written opinion, granted both plaintiff's and defendant's motions for summary judgment, GCR 1963, 117.2. We find that it would be a futile and redundant exercise in judicial draftsmanship to author another opinion.

Therefore, we adopt substantially verbatim that opinion of the lower court:

"The plaintiff admits in paragraph 6 of its amended answer to the counterclaim that the plaintiff agrees to accept the Power-Mite Generators and to reimburse the defendant in the sum of $2,928.75.

"The plaintiff further requests as an affirmative defense to the defendant's counterclaim that the counterclaim is barred by the Statute of Frauds, more specifically MCLA § 440.2201 (Stat Ann 1964 Rev § 19.2201), subsection 1,[1] and is further barred by the executed Termination Agreement.

"The defendant has moved for summary judgment under GCR 1963, 117.2 for the reason that the plaintiff has failed to state a valid defense to the claim asserted against it in the counterclaim.

"The plaintiff has also moved for summary judgment under GCR 1963, 117.2, subparagraphs 1 and 2, for the reason that the defendant has failed to state a valid defense to the claim asserted against it, and in fact, has admitted said claim in its brief.

"Ruling first on the defendant's motion for summary judgment, it is the opinion of this court that the plaintiff has failed to state a valid defense to the counterclaim filed in behalf of the defendant.

"It is the finding of this court that the plaintiff has admitted the allegations of the defendant's counterclaim in paragraph 6 of its answer to the counterclaim.

---

[1] The only comment we wish to add to the trial court's opinion is to note that MCLA § 440.2201 (Stat Ann 1964 Rev § 19.2201) provides an exception to the statute of frauds, as that statute was known prior to 1964. This exception, which permits enforcement of oral contracts admitted by the parties in their pleadings, is not, in actuality, a startling change. Past decisional law held that the admission of the oral contract in the written pleadings was, in reality, a voluntary reduction of the agreement to writing. For further comment, see: 3 Bender's Uniform Commercial Code Service (1969), Sales & Bulk Transfers under UCC, § 2.04[3], p 2–44; *Smith* v. *Muss* (1952), 203 Misc 356 (117 NYS2d 501), *appeal dism'd* (1953), 281 App Div 957 (122 NYS2d 377); Note, 38 Cornell Law Quarterly 604 (1953).

"It is the further finding of this court that the first affirmative defense relied upon by the plaintiff is not valid because of the applicable provision of the Uniform Commercial Code, also referred to as MCLA § 440.2201 (Stat Ann 1964 Rev § 19.2201), subsection 3 and subsection b, which provides:

"Subsection 3: 'A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable.'

"Subsection b: 'If the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted.'

"It is the further finding of this court that the second affirmative defense raised by the plaintiff is not tenable inasmuch as both the plaintiff and defendant have admitted in their pleadings the amounts due and owing the other party.

"To accept the plaintiff's position, this court would have to make a finding that neither obligation is enforceable; this does not appear to be the case in view of the admissions and the pleadings of both parties.

"Wherefore, it is the finding of the court that a judgment pursuant to the defendant's counterclaim in the amount of $2,928.75 may be entered on behalf of the defendant.

"It is the further finding of this court that the plaintiff and plaintiff's motion for summary judgment in the amount of $3,150.45 should be granted inasmuch as the defendant has admitted in its pleadings that this amount is due and owing the plaintiff.

"It is the further opinion of this court that the amount of money due and owing the plaintiff by the defendant should be off-set by the amount of money due and owing the cross-defendant, leaving a net balance to the plaintiff and cross-defendant of $221.70.

"It is the further opinion of this court that the quantity of Power-Mite Generators described in the pleadings herein, shall be the property of the plaintiff."

Affirmed.   Costs to Appellee.