501 P.2d 486 (1972)
MERCANTILE BANK & TRUST CO., Plaintiff-Appellee,
v.
James M. HUNTER, Defendant-Appellant.
No. 71-382.
Colorado Court of Appeals, Div. II.
August 9, 1972.
Rehearing Denied August 29, 1972.
*487 Holme, Roberts & Owen, Donald K. Bain, Denver, for plaintiff-appellee.
Hopkins, Hurth & Yeager, John M. Yeager, Boulder, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
This is an action by plaintiff-appellee Mercantile Bank & Trust Co. (Bank) to recover $37,500 from defendant-appellant James M. Hunter (Hunter) on a check payable to and indorsed by Hunter, deposited with the Bank and subsequently dishonored by payor bank. Summary judgment was granted in favor of Bank and we affirm.
The undisputed facts disclose the following sequence of events. A check, made payable to Hunter in the amount of $37,500 was drawn by one Allen Lefferdink on the Atlantic Trust Bank, Ltd., Guernsey Channel Islands Via U.K. Hunter indorsed the check and deposited it in his checking account in the Bank on November 3, 1969. The Bank credited Hunter's account in the amount of the check and on the following day, Hunter withdrew the full amount of the deposit. The Bank forwarded the check for collection to the United Bank of Denver National Association, formerly Denver United States National Bank (Denver U.S.), which in turn forwarded the check on November 5, 1969 to the foreign payor bank for payment. Denver U.S. received no response from the foreign bank even though it sent tracers, and on January 26, 1970, Denver U.S. notified the Bank, which in turn notified Hunter that there had been no response. It was not until March 12, 1970 that Denver U.S. received word from a bank in London, England that payment had been stopped on the check. The following day, the check was returned to Denver U. S. marked "Payment Stopped." The check was immediately returned to the Bank and Hunter was notified. Hunter refused to reimburse the Bank and the Bank then initiated this action.

I.
Hunter's theory is that the Bank is a holder of a foreign bill of exchange and that Hunter, as an indorser thereof, is discharged from liability because the Bank did not formally protest the dishonor of the check. In support of this argument, Hunter relies upon certain provisions in Article Three of the Uniform Commercial Code, which generally provide that an indorser is discharged unless the holder of the instrument in question makes a timely protest of any dishonor of the instrument. C.R.S.1963, XXX-X-XXX(1); XXX-X-XXX(3); XXX-X-XXX(1) (a).
These provisions of Article Three, however, must be considered in conjunction with the provisions of Article Four on bank deposits and collections. C. R.S.1963, XXX-X-XXX(2), since the Bank does not seek recovery as a holder but as an agent for collection. Under C.R.S. 1963, XXX-X-XXX, as applied to the facts of this case, Hunter was, and remained, the owner of the check; the Bank was the agent for collection; and the credit given for the deposit was only a provisional settlement. The risk of loss on the check remained in Hunter, as its owner, and not upon the agent Bank. C.R.S.1963, XXX-X-XXX, Comment 4.
When a depositary bank has made a provisional settlement for an item for its depositor, but failed to receive final settlement from the payor bank, the depositary bank may revoke the provisional settlement and obtain a refund from the depositor. C.R.S.1963, XXX-X-XXX.
The Bank's failure to make a formal protest is immaterial since Hunter's liability is based not on his indorsement of the check, but on his status as depositor and withdrawer of the funds. C.R.S.1963, XXX-X-XXX. The trial court was correct in entering judgment for the Bank in the full amount of the check.

*488 II.
Hunter further alleges, in the alternative, that summary judgment should not have been granted as it precluded him from pleading the defense of final settlement which he asserts would have required a factual determination as to when the check was presented to the payor bank for payment. Under this theory, Hunter contends that the provisional settlement between himself and the Bank became final because Atlantic Trust Bank Ltd. failed to timely dishonor the check, and that therefore, the Bank lost its right of refund against Hunter. We find no merit in these arguments.
Hunter filed only a motion for summary judgment. He neither filed an answer nor did he ask the trial court for leave to plead this defense. No request was made for an evidentiary hearing. A litigant cannot complain that the trial court denied him the opportunity of presenting a defense when he in fact made no effort to present one. See Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218.
We have, in any event, considered the question of final settlement as raised in the briefs and find the defense inadequate as a matter of law. C.R.S.1963, XXX-X-XXX, does provide, as Hunter contends, that if a payor bank retains a demand item beyond its midnight deadline without settling it, it is accountable for the amount of the item. However, the rule that a payor bank is "accountable" for an item does not mean that there has been a final settlement which would preclude a depositary bank from charging the amount of the item back to its depositor. C.R.S.1963, XXX-X-XXX, sets forth the circumstances under which a provisional settlement becomes final. There is no provision that mere accountability of a payor bank for a check is a final settlement unless the check is actually paid by the payor bank. Since nothing occurred here to cause the provisional settlement to become a final settlement under C.R.S.1963, XXX-X-XXX, the Bank still had a right of refund under C.R.S.1963, XXX-X-XXX.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.