289 So.2d 609

**J. R. COX and J. L. DeLoach**

**v.**

**Charles T. COX, Jr.**

**SC 576.**

Supreme Court of Alabama.

Jan. 24, 1974.

Rehearing Denied Feb. 21, 1974.

---

Bell & Lang, Sylacauga, for appellee,
Charles T. Cox, Jr.

Jones & Landrum, Birmingham, for appellants.

Reneau & Reneau, Wetumpka, in support of appellants; Wm. Bew White, Jr., Hobart A. McWhorter, Jr., and A. H. Gaede, Jr., Birmingham, in support of appellee, amicus curiae.

MADDOX, Justice.

Are alleged oral contracts for the sale and delivery of cotton involving more than $500 enforceable?

That is the principal question presented on this appeal. Alabama's Uniform Commercial Code provides as follows:

"(1) Except as otherwise provided in this section a contract for the sale of

goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

"(2) Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

"(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

"(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

"(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Sec. 2–606)." Act No. 549, Acts of Alabama 1965, Section 2–201, carried as Tit. 7A, Section 2–201, Code of Alabama 1940 (Recompiled 1958).

Charles T. Cox filed a suit for declaratory judgment, injunction and other relief in the Circuit Court of Talladega County, naming several defendants, including appellants, J. R. Cox, and J. L. DeLoach, who were cotton producers.

The controversy arises out of these facts. Between February and May of 1973, plaintiff Cox orally negotiated with a number of cotton producers, including defendants-appellants, Cox and DeLoach, that they would deliver their 1973 cotton crops to him at prices ranging from $.30 to $.35 per pound. Cox entered into written contracts, or memorandums, to sell the cotton to several cotton mills at specified prices. His take would be the difference between the price paid the farmers and the amount received from the mills.

■ When the 1973 cotton crop was ready for harvesting, the price of cotton had increased substantially, some selling for more than $.80 per pound. Plaintiff Cox alleged that he understood and believed that the cotton producers would not make delivery of their cotton upon their agreement unless the court required them to do so, and that the court should require the cotton producers to perform their oral agreements. It is undisputed that the agreements between plaintiff Cox and the cotton producers were oral. Cox even alleged in his complaint that they were oral.[1]

After a hearing, the trial court found that plaintiff Cox entered into contracts with the individual defendants, including appellants Cox and DeLoach, and that they would breach their contracts unless en-

---

1. While the defendants, Cox and DeLoach, appellants here, denied making any contract, oral or written, there was sufficient evidence before the trial court from which the trial court could have found that an oral contract was made between plaintiff Cox and the defendants, Cox and DeLoach.

joined from doing so. The court further found:

"... Plaintiff has sold this same cotton to many large Cotton Mills, that employ many people, and those mills on the basis of Plaintiff having done so have sold their mill output of finished goods to their customers. There is thus great public interest in this controversy which threatens to injure the entire cotton industry.

"The issuance of a Preliminary Injunction in the form asked for by Plaintiff will temporarily protect Plaintiff and the cotton industry and will result in no harm to the Defendants. ..."

The court enjoined the individual defendants from breaching their contracts with plaintiff Cox. On appeal, appellants make one principal point—that the alleged contracts between the plaintiff Cox and them were admittedly oral agreements, and are not enforceable under the provisions of Tit. 7A, Section 2–201, Code of Alabama 1940 (Recompiled 1958). Plaintiff-appellee Cox answers this argument on the following grounds. First, he contends that he was an agent or broker for the producers which is sufficient to take the oral contracts out of the Statute of Frauds.[2] He further contends that the Statute of Frauds in commercial transactions has no effect if the opposing party is estopped to raise the issue. Cox also says that the contracts must be specifically enforced since the contracts he had with the cotton mills call for one variety of cotton, Coker 417, which was not available on the open market.

■ We first discuss Cox's contention that he was an agent or broker for the producers. We think it is implicit, if not explicit, in the trial court's finding that no agency or broker arrangement existed. It seems clear from a reading of the judgment above, that the court found there

were two separate, independent sets of contracts, that the individual producers agreed to sell to Cox, and Cox independently contracted to sell to the mills. Consequently, the oral contracts entered into between Cox and the cotton producers do not come within the agency or broker exception of the Statute of Frauds.

■ The only real question presented by this appeal is whether the oral agreements between Cox and the cotton producers are enforceable. We answer that question in the negative. Section 2–201 provides that contracts for the sale of goods for the price of $500 or more are not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought.

The sale of cotton is a sale of goods. Tit. 7A Sections 2–105, 2–107, Code of Alabama 1940 (Recompiled 1958).

In Section 2–105(1) it is provided that,

"... 'Goods' also includes the unborn young of animals and *growing crops* ...." (Emphasis added.)

This court has had no prior opportunity to pass upon the legislative intent of Section 2–201 (the Statute of Frauds in the Uniform Commercial Code). In Tractor Supply & Overseas Exchange Corp. v. Ellard Contracting Co., 119 F.Supp. 814 (N.D.Ala.1954), the court discussed the Statute of Frauds applicable to sales contracts under Tit. 57, Section 10, Code of Alabama 1940 [Statute of Frauds in the Uniform Sales Act], and said as follows:

"In approaching the answer to the second question, it is well to keep in mind the purpose of the statute of frauds. Its direct purpose is to prevent fraud and perjury with respect to the agreements

2. Section 2–201 provides that the written contract may be signed by an "agent or broker." Plaintiff Cox had written memorandums signed by him and the buyers of the cotton. If he was an agent or broker for the producers, then he claims these contracts were signed by him as agent or broker for the producers.

governed thereby by requiring for their enforcement the more reliable evidence of some note or memorandum in writing signed by the party to be charged, or his agent in his behalf. An agreement of which there is some note or memorandum in writing is less likely to become cause for controversy. . . ." 119 F.Supp. at 817.

In the recent case of Port City Construction Co., Inc. v. Henderson, 48 Ala. App. 639, 266 So.2d 896 (1972), the Alabama Court of Civil Appeals held that the writing required by the Statute of Frauds and the Uniform Commercial Code is for the purpose of preventing fraud and perjury in actions brought on substantial contracts. The court did not discuss what would happen in case there was no writing, but did note that the present Statute of Frauds does liberalize the requirements of the writing.

Some argument is made that an oral contract for the sale of goods for a price of $500 or more is enforceable if the party against whom enforcement is sought admits in his pleadings, testimony or otherwise in court that a contract for sale was made. See Section 2–201(3)(b). But the exception for a party who admits the making of a contract is inapplicable here, since the appellants denied under oath that any agreement for sale was ever made with the appellee. Admittedly, the trial court made a credibility determination adverse to appellants' testimony, but such finding did not constitute a finding that the "admis-

sion" exception applied. In fact, the controversy in the evidence over the agreement indicates the very purpose of the Statute of Frauds—to prevent such controversies. If the agreements had been in writing, this controversy may never have developed. We need not discuss whether the exception would apply if the defendants were required involuntarily to admit, either by discovery or at the trial, that an agreement was made. That point is not presented by this appeal.[3]

Since the contracts were not in writing and since appellants have not admitted either voluntarily or otherwise, the making of the contracts, they are unenforceable under subsection (1) of Section 2–201 of the Uniform Commercial Code.

The only question remaining is whether appellee's contention that the oral agreements are enforceable because the appellants were guilty of fraud or they are equitably estopped to raise the defense of the Statute of Frauds is meritorious. We find no merit in this contention. It is well settled in Alabama that "an executory agreement which is void under the statute of frauds cannot be made effectual by estoppel merely because it has been acted on by the promisee, and has not been performed by the promisor." Hurst v. Thomas, 265 Ala. 398, 91 So.2d 692 (1956). To admit the doctrine advanced by the appellee, that the defendants were estopped to raise the Statute of Frauds unless one of the exceptions was applicable, would be to utterly destroy the statute.

3. The cases are apparently in conflict on the right to enforce an oral contract if the adversary can be induced to admit that the contract was made. The following cases, annotations and quotations from published material are illustrative only of the conflict and should not be understood as an expression of opinion by this Court one way or another on the question. 17 A.L.R.3d 1010, 1141; Presti v. Wilson, 348 F.Supp. 543 (D.C.N.Y.1972); Cohn v. Fisher, 118 N.J. Super. 286, 287 A.2d 222 (1972); Hale v. Higginbotham, 228 Ga. 823, 188 S.E.2d 515 (1972); Reissman International Corp. v. J. S. O. Wood Products, Inc., 10 U.C.C. Rep. 1165 (1972); Chrysler Corp. v. Ma-

jestic Marine, Inc., 35 Mich.App. 403, 192 N.W.2d 507 (1971); Garrison v. Piatt, 113 Ga.App. 94, 147 S.E.2d 374 (1966); "A judicial admission does not exist unless the statement is voluntarily made. Hence, the answer of a defendant when examined under oath as to whether there was a contract is not to be regarded as an admission for the purpose of the statute of frauds." Anderson, Uniform Commercial Code, Vol. I, 2d Ed. (1970), § 2–201:45, p. 281; Quad County Grain, Inc., v. Poe, 202 N.W.2d 118 (Iowa 1972); Rochester Iron & Metal Co. v. Capellupo, 62 Misc.2d 264, 307 N.Y.S.2d 133 (1969).

**112**

We recognize that the Statute of Frauds contained in the Uniform Commercial Code is probably more liberal than the statute dealing with contracts for the sale of land. Title 20, Section 3, Code of Alabama 1940 (Recompiled 1958). However, if the party seeking the enforcement of an oral contract cannot show he comes within one of the exceptions, we think the law set out in *Hurst* applies with equal force to transactions under the Uniform Commercial Code.

In view of our holding that these oral agreements violate Section 2–201, it is unnecessary to write to the issue of specific performance.

As to appellants Cox and DeLoach, we conclude that the judgment of the trial court is due to be reversed.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and FAULKNER, JJ., concur.