557 P.2d 1221 (1976)
The FIRST NATIONAL BANK OF DENVER, a National Banking Association, Plaintiff-Appellee,
v.
Herman G. ULIBARRI d/b/a Herman's Jewelers, Defendant-Appellant, and
Russell Wagner, Defendant.
No. 76-205.
Colorado Court of Appeals, Div. I.
December 9, 1976.
*1222 Robinson & Westman, Denis J. Blanck, Denver, for plaintiff-appellee.
Davies & Saint-Veltri, Stuart A. Kritzer, Denver, for defendant-appellant.
No appearance for defendant Russell Wagner.
Selected for Official Publication.
COYTE, Judge.
Plaintiff bank brought suit to recover on a check made payable to the order of defendant Ulibarri. The check was drawn by one Russell Wagner, who was named a defendant in the trial court but on whom no service was ever obtained and who is not a party to this appeal. The trial court entered judgment in favor of plaintiff in the full amount of the check. We reverse.
The facts surrounding this controversy are not in dispute. Defendant owns and operates a jewelry store, and in connection with the sale of a diamond ring to Wagner, received Wagner's check in the amount of $3,450. Before releasing the ring to Wagner, defendant deposited the check in his account with the plaintiff bank in order to determine if the check would be paid by the drawee bank. Defendant subsequently telephoned the plaintiff bank and was informed by a bank employee that the check drawn by Wagner was "finally settled."
Defendant, after being told that the check had been paid, released the stone to Wagner and drew a check on his own account for $3,500. This check was presented to plaintiff and was duly paid. Approximately six days later, defendant was notified by the bank that Wagner's check had been returned marked "no account", thereby resulting in defendant's account being overdrawn. A bank employee testified that the six-day delay was occasioned by the fact that defendant had not endorsed the check upon depositing it.
Plaintiff thereafter requested that defendant place sufficient funds in his account to cover the overdraft. Defendant refused to do so, and this litigation ensued.
In its findings of fact, the trial court concluded that defendant had relied upon the assurances of the bank, and that by releasing the diamond to Wagner, defendant was damaged in the amount of the contract price for his diamond. The trial court also found that the delay by plaintiff in notifying defendant that the check was drawn on a non-existent account was reasonable and further concluded that because the bank had not been notified of the transaction between the defendant and Wagner, it should not be liable for the loss caused by the invalid check as the bank was not "sufficiently negligent" under the circumstances.
Two related questions are presented by this appeal. The first is whether the facts set forth above give rise to the equitable defense of estoppel. The second is whether such defense is available under the terms of the Uniform Commercial Code. We conclude that both questions are to be answered in the affirmative.
*1223 Estoppel is an equitable doctrine to the effect that when one person by conduct or words leads another to believe in the existence of a certain condition, and the other person relies thereon to his detriment, the first party is precluded from asserting against the other that a different condition existed at the time. Chamberlain v. Poe, 127 Colo. 215, 256 P.2d 229 (1953). An actual intent to mislead is not essential to the creation of an estoppel. Piz v. Housing Authority, 132 Colo. 457, 289 P.2d 905 (1955). As the trial court found that defendant did reasonably rely on plaintiff's representation and was consequently damaged, and as this finding is supported by the evidence, the elements of estoppel are present in this case.
Plaintiff contends, however, that the defense of estoppel is not available under the provisions of the Uniform Commercial Code. We disagree.
By its terms, the Code provides that unless displaced by a particular provision, the principles of law and equity including the law relative to estoppel, shall supplement its provisions. Section 4-1-103, C.R.S. 1973. However, asserting that defendant, by depositing the check for collection, warranted that he would take up the item notwithstanding the fact that he had not indorsed it, see § 4-4-205, C.R.S.1973, plaintiff maintains that § 4-4-207(2), and § 4-3-414, C.R.S.1973 specifically govern this case. While the principle that an indorser is liable on his warranty is correctly stated by plaintiff, Mercantile Bank & Trust Co. v. Hunter, 31 Colo.App. 200, 501 P.2d 486 (1972), the rule has no application when, as here, an estoppel has been created which would preclude plaintiff from obtaining a refund of the amount paid to defendant. See §§ 4-4-212(1), C.R.S.1973; cf. Mercantile Bank & Trust Co. v. Hunter, supra. Accordingly, the Code is not dispositive of this litigation.
Although the precise question of whether the defense of estoppel is available under the Code has not been decided in Colorado, authority from other jurisdictions indicates that it is. In Central National Bank & Trust Co. v. Community Bank & Trust Co., 528 P.2d 710 (Okl.1974), the court considered the argument which plaintiff advances here, and concluded that the doctrine of estoppel was properly applied in a case arising under the secured transaction provisions of the Code.
Similarly, here defendant is entitled to rely on this defense. Defendant took reasonable precautions to protect himself from precisely the contingency which occurred, and where one of two innocent parties must suffer through the act of a third party, the loss should fall upon the party who by his conduct created the circumstances which enabled the third party to cause the loss. See Central National Bank & Trust Co. v. Community Bank & Trust Co., supra. The loss to Ulibarri would not have occurred in the absence of plaintiff's assurances.
The judgment is reversed, and the cause remanded with directions to enter judgment in favor of defendant.
ENOCH and STERNBERG, JJ., concur.