BEATTY, Justice.
The plaintiff appeals from the grant of a summary judgment in favor of the defendant bank. We reverse and remand.
There were two lawsuits involved here. The first was between Citizens Bank of Prattville and Wanda Wright and arose from the following facts.
Wanda Wright was indebted to Citizens Bank on a personal loan made to her by that bank, the loan being secured by a Volkswagon. She became employed by Billy Joe Mims who operated a fruit stand in Pensacola, Florida. Ms. Wright’s payments on that note were in arrears and the Volks-wagon had been totaled out for salvage, so she went to the bank and pledged a two-ton truck as security for a renewal note. At that time this truck was in Florida registered in the name of Willie E. Jackson, from whom Mims was purchasing the fruit stand business and the truck. When Ms. Wright subsequently defaulted on her renewal note, the bank first attempted to seize the truck from Mims’ possession, but being denied, the bank sued Ms. Wright both on the defaulted note and to foreclose the security interest in the truck which they now claimed, alleging that Ms. Wright was in possession of the truck. A default judgment was rendered against Ms. Wright on February 4, 1976 in favor of the bank for the truck or its alternate value, and a writ of seizure was issued on February 26, 1976 based upon that judgment. The writ of seizure was executed while the truck was being operated as a pulpwood hauler by Billy Joe Mims.
Thereafter, on May 24, 1976, Billy Joe Mims filed an action to recover the truck or its alternate value, the reasonable value of its hire or use, and damages for its wrongful seizure which, he alleged, caused injury to his business. A motion for a writ of seizure was also filed and awarded on May 24, 1976. A writ of seizure was issued on *346 May 31, 1976 but the record is unclear on whether this writ was executed, there being no return indicated. In any event, the defendant bank moved to dismiss the complaint but that motion was not acted upon.
Following pre-judgment hearings held on June 3, 1976 during which testimony was taken, the trial court dissolved the writ of seizure issued on May 81,1976 and awarded the truck to the defendant bank. The bank sold the truck. Then, on September 22, 1976 the bank moved for summary judgment. An answer to this motion was filed on September 24,1976, and at that time the plaintiff Mims requested a jury trial. On October 4, 1976 the defendant moved to strike the demand for a jury trial on the ground that it was untimely filed. Then the plaintiff moved for summary judgment on two grounds, viz.: (1) that the judgment in the case of Wanda Wright v. Citizens Bank was obtained by fraud on the court; and (2) that Billy Joe Mims, although a (necessary) party in that case, since it was known by the bank that he had an interest in the truck in question, received no notice of that suit. The trial court granted the defendant bank’s motion for summary judgment and denied the plaintiff Mims’ like motion. Whether the grant of summary judgment in favor of the defendant bank was proper is the question to be decided on this appeal.
On appeal the defendant does not challenge the timeliness of the plaintiff’s demand for a jury trial, nor does it question the plaintiff’s attack upon the judgment in the first action, except to maintain that no evidence of the commission of a tort was offered. If, as defendant asserts, in this action Mims is estopped as a matter of law to assert a claim in the truck by virtue of his conduct or representations, or if Mims, as the bank also contends, has not presented any basis for recovery in tort against the bank, summary judgment for the bank was proper. Was there any evidence in support of the plaintiff, Billy Joe Mims, on either of these assertions? Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976).
The defendant’s estoppel argument is that Mims led the bank to believe that he had given Ms. Wright authority to pledge the truck. This is established, defendant maintains, through a personal relationship which “could easily lead a third person to believe that there existed a partnership business entity” and that this, coupled with their having been observed conversing outside the bank immediately before the transaction, was sufficient to create an estoppel. Perhaps these facts, together with the fact that the two traveled from Florida to Clan-ton, Alabama, and then to Prattville, and that Wanda possessed knowledge of the truck’s serial number, may have tended to create inferences in the bank’s favor. They may have suggested that the two were in partnership. But, even if they did, these facts were contested. Wanda was the only one of several witnesses who testified to the existence of a partnership with Mims in the produce business. Mims himself testified to a partnership with one Ralph Easterling, denied any partnership with Ms. Wright, and denied giving her permission to pledge the truck. And even had Mims given her that authority, the partnership being one controlled by Florida law it would have been necessary for her to have had authorization from the other partners in order to use the partnership relation to pledge property for personal use:
An act of the partner that is not for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners. Florida Statutes Chap. 620.60(2).
Mims, moreover, testified that the renewal of Wanda’s personal bank note did not inure to his benefit. In addition, it is not clear from the evidence that the bank relied upon the partnership’s credit to renew Ms. Wright’s note. The renewal note contains only one signature, that of Wanda Wright, and the financing statement identifies the debtor as Wanda Wright. The partnership is not mentioned. The record shows, in fact, that Mims did not accompany Ms. Wright into the bank, and was not present when she discussed the renewal note with *347 the bank’s loan officer. Under these facts it would be inaccurate to conclude that an estoppel against Mims was established as a matter of law. The rule of Ashurst v. Ashurst, 119 Ala. 219, 24 So. 760 (1898), cited by the defendant, does not apply. Quite the contrary, under these facts it might be found that Mims himself did nothing to induce the bank to renew Wanda’s note, or that the bank had no right to rely on any conduct of his which is suggested as such an inducement. Mooradian v. Canal Insurance Company, 272 Ala. 373, 130 So.2d 915 (1961). And compare Tit. 20, § 3(3), Alabama Code (Recomp.1958) and Cox v. Cox, 292 Ala. 106, 289 So.2d 609 (1974) pertaining to the negative effect of equitable estoppel on the statute of frauds.
The record discloses that all of the testimony elicited in the pre-judgment hearing was offered by the defendant in support of its motion for summary judgment. Under that motion, if that testimony contained a scintilla of evidence against the movant’s position, that is, if he could not show under that testimony the absence of any genuine issue of material fact, the motion could not be granted. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). That testimony would at least support an inference that the bank knew of Mims’ interest in the truck before it proceeded to obtain its default judgment against Ms. Wright, and therefore wrongfully seized the truck from him when he was not a party to that action. Mims testified to his operation of the truck in the pulpwood business at the time it was seized, and thus his testimony raised an issue of fact on the interference with his business operations. Accordingly, the defendant failed to show the absence of any genuine issue of material fact, and thus summary judgment in its favor was inappropriate. Bennett v. United Auto Parts, Inc., 294 Ala. 300, 315 So.2d 579 (1975). For that reason, and the others we have indicated, the case must be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.