Mims appeals from a directed verdict in favor of the defendant, Citizens Bank of Prattville. We reverse.
The current suit, which is before this Court for the second time, was precipitated when the bank seized a truck which allegedly belonged to Mims. The facts are set out in our prior opinion, Mims v. Citizens Bank of Prattville, 355 So.2d 345
(Ala. 1975), in which we reversed a grant of summary judgment in favor of the bank. On remand Mims amended his complaint to eliminate a detinue action, since the bank had already sold the truck and retained the proceeds. The amended complaint contained two counts which both read as follows:
 "1. The Defendant, Citizens Bank of Prattville, on or about July 21, 1975, refinanced an existing indebtedness to Wanda Wright, who signed a note and security agreement dated July 21, 1975.
 "2. As security for said note said Wanda Wright pledged (1) one 1971 Chevrolet 2-ton truck Serial Number CE630P114531.
 "3. This aforesaid chattel was not the property of said Wanda Wright and she did not have the authority or permission to pledge this vehicle which was the property of Plaintiff, Billy Joe Mims.
 "4. Wanda Wright failed to make payments when due on the note and the Defendant filed a Detinue Suit on November 17, 1975, and secured a default judgment on February 12, 1976, against Wanda Wright.
 "5. The Defendant obtained a Writ of Seizure, and seized the Plaintiff's truck, a 1970 [sic] 2-ton Chevrolet truck Serial Number CE630P114531, which was loaded with pulpwood at the time of the seizure on May 6, 1976.
 "6. That at the time Defendant seized said truck it was in the possession of Plaintiff, Billy Joe Mims. The Defendant knew that Billy Joe Mims owned said vehicle and had been informed by Plaintiff that Wanda Wright never owned an interest in said vehicle.
 "7. That the Defendant, Citizens Bank, obtained the Writ of Seizure based on a default judgment in its Detinue Suit by Fraud, Deceit, and Trickery. That although the Defendant Citizens Bank, knew that Plaintiff, Billy Joe Mims, had possession and claimed title to said truck, the Defendant concealed same fact from the court in order to obtain possession of Billy Joe Mims' truck.
 "8. That since said seizure, the Defendant has sold the truck and load of pulpwood and retained the proceeds. That the Defendant's, Citizens Bank, action interfered with the Plaintiff's logging operations in that he had a crew of five men who were idled by the seizure of the truck. That his contracts with others in the pulpwood industry have been interfered with and caused a loss of income to him.
 "9. That the truck was equipped with a pulpwood loader. The truck had a load of pulpwood, property of one Freddie Headley, on it at the time of the wrongful seizure. That Plaintiff has had to pay for this load of pulpwood and the pulpwood loader."
Count 1 claimed $5,000 compensatory damages and Count 2 sought $25,000 punitive damages. A pre-trial order stated, "Nature of the case. Two counts of the Complaint. Each alleges a cause of action based upon fraud and deceit."
At the close of Mims' case the bank moved for a directed verdict on the theory that Mims had not proved all the necessary elements of fraud and deceit, i.e., he had not shown that there was a false representation by the bank to Mims on which he acted. The trial court agreed with the bank's contention and granted the motion. Mims then moved for a new trial alleging as grounds that the complaint and evidence *Page 313 
adduced at trial showed that the default judgment which led to the seizure was obtained by fraud upon the court and denied him due process of law. The motion also contended that the evidence presented showed that the bank's actions interfered with Mims' logging business and supported a claim for unlawful interference with contractual relations. Finally Mims asserted that he had presented sufficient evidence to recover under §6-5-260, Code 1975, which states, "The owner of personalty is entitled to possession thereof. Any unlawful deprivation of or interference with such possession is a tort for which an action lies." The bank countered by asserting the pre-trial order which purported to limit the cause of action to fraud and deceit. Following denial of his motion for new trial Mims brought this appeal.
From a review of the testimony presented at the second trial it is apparent that Mims presented sufficient evidence to go to the jury on his claims of unlawful interference with his business operations and unlawful deprivation of personalty, §6-5-260, Code 1975. The bank, however, attempts to use the pre-trial order to limit the cause to fraud and deceit. Here, however, the issues were tried by implied consent of the parties, and there is no doubt that Mims could have amended his pleadings to conform to the evidence under Rule 15 (b), ARCP. Under this rule where evidence is introduced or an issue raised with the express consent of the other party or without objection from him, the pleadings shall be deemed amended to conform to the evidence. While a motion to amend the pre-trial order would have been preferred, we believe that the issue was sufficiently raised in the presentation of the evidence. To hold that Mims was absolutely bound by a pre-trial order which omitted causes of action clearly raised in the pleadings (and, in fact, litigated by the parties in the first trial and appeal) would work a manifest injustice in complete contravention of the avowed purpose of our rules of procedure. The directed verdict here was improper.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON and EMBRY, JJ., concur.
BLOODWORTH, J., concurs in the result.