Joel F. ST. GERMAIN, Plaintiff-Appellee and Cross-Appellant,

v.

William BOSHOUWERS and Boshouwers Color Laboratory, Inc., a Colorado corporation, Defendants-Appellants and Cross-Appellees.

No. 80CA1178.

Colorado Court of Appeals, Div. I.

Feb. 25, 1982.

Rehearing Denied March 18, 1982.

Certiorari Granted June 7, 1982.

Myers, Woodford & Hoppin, P. C., Frederick J. Myers, Denver, for plaintiff-appellee and cross-appellant.

Law, Scheid & Farabee, P. C., Patricia Jo Stone, Denver, for defendants-appellants and cross-appellees.

COYTE, Judge.

Defendants appeal from a judgment in favor of plaintiff for $9,000. Plaintiff cross-appeals from the trial court's amended judgment denying plaintiff $25,000 damages. We affirm in part and reverse in part.

The evidence revealed that the plaintiff contacted the defendants to see if they were interested in his becoming a part owner in their business. Defendants indicated they would be interested, and negotiations took place over several months. On December 8, 1978, plaintiff and his attorney met with defendants to draw up the final agreement. At the conclusion of the meeting, defendant William Boshouwers stated that they had a final agreement wherein plaintiff was to receive a salary of $1500 per month for six months and was to pay $25,000 for the purchase of 49% of the outstanding stock of the corporation.

Plaintiff then, in order to raise the $25,000, took out a second mortgage on his house and terminated his employment. He took a vacation and was to start work during the week of January 15, 1979, at which time he understood that the parties would sign the agreement. However when plaintiff presented the written agreement to defendants on January 17, 1979, they informed him that they were no longer interested in the agreement but would hire him for $250 a week.

Plaintiff then instituted this action seeking damages for breach of the agreement. In its initial judgment the trial court found that this was a proper case for promissory estoppel and awarded the plaintiff $9,509.50

for lost wages and attorneys fees, and, since the value of the stock was $25,000 more than the agreed selling price, the court awarded damages in this amount for his lost profits on the purchase of the stock. After a hearing on defendants' motion to alter or amend, the trial court determined that the agreement was severable and awarded plaintiff $9,509.50 for lost wages and attorneys fees but disallowed the $25,000 damages from the lost stock sale profits because it found that the statute of frauds precluded relief on a theory of promissory estoppel.

Defendants contend that the trial court erred in awarding plaintiff $9,000 damages for lost salary. In support of their contention, defendants argue that the salary provision in the agreement was not severable from the stock sale provisions. Defendants therefore argue that as recovery on the stock sale agreement was barred by the statute of frauds, the entire agreement must fail.

Plaintiff contends that the $9,000 lost salary was properly awarded, but he asserts the court erred in disallowing damages for the lost stock sale profits in its amended judgment. We agree with plaintiff.

The employment agreement drawn up by the parties had two main provisions: one was the salary provision for six months which did not fall within the statute of frauds as it was for a period of time of less than one year. The other provision was for the sale of stock to enable plaintiff to become the owner of 49% of the corporation. This provision was for the sale of investment securities and was thus covered by the applicable statute of frauds provision of the Uniform Commercial Code, § 4–8–319, C.R.S.1973. However, § 4–1–103, C.R.S.1973, provides that principles of law and equity including, *inter alia*, estoppel, shall supplement the other provisions of the Code. *See First National Bank v. Ulibarri*, 38 Colo. App. 428, 557 P.2d 1221 (1970). Thus, as the Code does not exclude the application of promissory estoppel, the question becomes whether this is a proper case for its application.

■ The doctrine of promissory estoppel is applicable under appropriate circumstances. *See Mooney v. Craddock*, 35 Colo.App. 20, 530 P.2d 1302 (1974). And, the statute of frauds cannot be used to perpetuate a fraud. *See Estate of Doerfer*, 100 Colo. 304, 67 P.2d 492 (1937). However, no Colorado appellate decisions address the issue of whether a claim premised upon promissory estoppel may be enforced notwithstanding a statute of frauds defense in the absence of fraud.

The various jurisdictions which have dealt with this problem resolve it in three ways. Some states do not allow recovery based on promissory estoppel to be defeated by a statute of frauds defense. *See, e.g., Cox v. Cox*, 292 Ala. 106, 289 So.2d 609 (1974). Other jurisdictions only allow recovery on a promissory estoppel theory in the face of a statute of frauds defense if the person asserting the defense has misrepresented that he will reduce the agreement to writing. *See, e.g., Twenty-One Turtle Creek Square v. New York State Teachers' Retirement System*, 432 F.2d 64 (5th Cir. 1974). And, some jurisdictions hold that under appropriate circumstances, promissory estoppel may be used as a theory of recovery notwithstanding a statute of frauds defense. *See, e.g., Caplan v. Roberts*, 506 F.2d 1039 (9th Cir. 1974); *Restatement (Second) of Contracts* § 139 (1981).

■ We believe the best view is expressed by the *Restatement (Second) of Contracts* § 139 (1981) which allows recovery on a theory of promissory estoppel notwithstanding a statute of frauds defense if injustice can be avoided only by enforcement of the promise. This formulation avoids the imposition of an arbitrary rule and allows the courts to determine the appropriate circumstances for promissory estoppel to prevail over a statute of frauds defense. This view is in accord with previous Colorado decisions allowing the courts to decide when promissory estoppel is appropriate. The question then becomes whether injustice will result here if promissory estoppel is not applied.

■ The elements of promissory estoppel are: (1) a promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee; and (2) which does induce such action or forebearance, *see Mooney v. Craddock, supra*; and (3) if injustice can be avoided only by enforcement of the promise. *Restatement (Second) of Contracts* § 139 (1981). Even if the statute of frauds is pled as a defense to a claim for relief based upon promissory estoppel, if these three elements are present, then the promise is enforceable.

■ Here, the defendant Boshouwers stated both to plaintiff and plaintiff's attorney following the December 8 meeting that: "We now have our agreement, it is settled as far as I'm concerned and you can tell them [plaintiff's employer] that you are terminating your employment." Plaintiff thereupon resigned his job and took out a second mortgage on his house.

As the evidence amply supports the trial court's conclusion that there was a promise which the defendants should have expected to induce reliance, and that, in fact, it did induce such detrimental reliance, we will not disturb the trial court's finding awarding damages for the loss of plaintiff's salary. *See Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970). And, these elements of promissory estoppel are equally applicable to the claim for lost profits.

However, when the court issued its amended order denying recovery for the lost profits from the stock sale transaction it did so based on its belief that under Colorado law recovery on a promissory estoppel theory would be defeated by a statute of frauds defense. In view of the conclusion we have reached which, in certain circumstances, allows promissory estoppel to prevail over a statute of frauds defense, the trial court erred in holding that promissory estoppel did not apply in this case.

Accordingly, since the first order issued by the trial court found that the facts supported recovery for lost profits based upon promissory estoppel and the evidence supports a finding that injustice could only be

avoided by enforcement of the promise, the amended judgment of the trial court denying recovery of the stock sale transaction must be vacated and the trial court directed to reinstate its original order.

In view of the conclusions we have reached on this issue, it is not necessary to decide if the agreement was severable or indivisible.

Defendants also contend that the trial court erred in not finding that payment of $25,000 was a condition precedent to any performance by defendants. We disagree.

■ An intention to create a condition precedent to a contract must appear expressly or by clear implication. *Charles Ilfeld Co. v. Taylor*, 156 Colo. 204, 397 P.2d 748 (1964).

■ Here, the parties neither used language making such a payment a condition precedent nor clearly implied that such payment was necessary before defendants had to perform. *See Charles Ilfeld Co. v. Taylor, supra.* Thus, as the evidence supports the findings of the trial court that the payment of $25,000 was not a condition precedent, it will not be reversed on appeal. *Linley v. Hanson, supra.*

The judgment is affirmed as to the $9,000 for lost wages, and reversed as to the $25,000 damages, and the cause is remanded with directions that the trial court reinstate its original judgment.

PIERCE and SMITH, JJ., concur.