ALMON, Justice.
Billy Joe Mims appeals from the involuntary dismissal of his action against the Citizens Bank of Prattville (“the Bank”). The only question presented is whether the trial judge abused his discretion by dismissing Mims’s action pursuant to Rule 41(b), Ala.R.Civ.P.
Mims instituted this action in 1976. In his complaint, he alleged that the Bank had wrongfully seized and then sold his logging *825 truck. This cause has been before this Court on two prior occasions. See Mims v. Citizens Bank of Prattville, 372 So.2d 311 (Ala.1979); and Mims v. Citizens Bank of Prattville, 355 So.2d 345 (Ala.1978). On remand following the second appeal, Mims amended his complaint and filed a number of motions.
From the record, it appears that after a motion filed on August 11,1981, Mims filed no further motions and made no attempt to obtain a trial date for over eight and one-half years. Finally, on April 16, 1990, Mims, who had been in and out of the state working as a logger and who had no permanent address, filed a motion to set the cause for a hearing. In response, the Bank filed a motion to dismiss, arguing that Mims’s lack of prosecution warranted an involuntary dismissal pursuant to Rule 41(b). The trial court granted the Bank’s motion, noting in its order that Mims had made no effort to prosecute the cause for over eight years and that a number of key witnesses had left the state and could not be located. Mims filed a motion to alter, amend, or vacate the order. That motion was denied and Mims appeals.
This Court has held that trial courts have the inherent power to dismiss causes for lack of prosecution. Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); Rule 41(b). Such dismissals are within the sound discretion of the court and will not be reversed on appeal absent a showing that the court abused its discretion or that the court’s determination was not supported by credible evidence. Hales v. Scott, 473 So.2d 1028 (Ala.1985). In State v. Horton, 373 So.2d 1096, 1097 (Ala.1979), this Court held that the phrase “failure to prosecute,” as it is used in Rule 41(b), does not require affirmative steps by the plaintiff to delay the trial. Instead, it is sufficient that the plaintiff does nothing, knowing that until something is done there will be no trial.
After reviewing the record, wé conclude that there was credible evidence supporting the court’s finding that Mims did nothing to move this case along for more than eight years. As a result, the trial court’s dismissal was not an abuse of discretion, and it will not be disturbed by this Court. Riddlesprigger, supra; Hales, supra. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ„ concur.